UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITTENHOUSE, LLC,<br>c/o Peter N.G. Schwartz Management<br>Company, Inc.<br>1350 Connecticut Avenue, N.W.<br>Suite 1200<br>Washington, D.C.  20036<br><br>    PLAINTIFF,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>Serve:  Mayor Anthony A. Williams<br>       c/o Len Becker, Esq.<br>       1350 Pennsylvania Avenue, N.W.<br>       Suite 600<br>       Washington, D.C.  20004,<br><br>Serve:  Robert J. Spagnoletti, Esq.<br>       Attorney General of the<br>       District of Columbia<br>       c/o Ms. Darlene Seals<br>       Registered Agent, District of<br>       Columbia<br>       441 4th Street, N.W.<br>       Suite 600 South<br>       Washington, D.C.  20001,<br><br>Serve:  Office of Risk Management<br>       Attn:  Claims<br>       441 4th Street, N.W.<br>       Suite 800 South<br>       Washington, D.C.  20001,<br><br>RUTH R. BANKS<br>Chairperson, District of Columbia<br>Rental Housing Commission<br>941 North Capitol Street, N.E.<br>Ninth Floor<br>Washington, D.C. 20002,<br><br>RONALD A. YOUNG<br>Commissioner, District of Columbia<br>Rental Housing Commission<br>941 North Capitol Street, N.E. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

```
                                              )
Ninth Floor                                   )
Washington, D.C. 20002,                       )
                                              )
JENNIFER M. LONG                              )
Commissioner, District of Columbia            )
Rental Housing Commission                     )
941 North Capitol Street, N.E.                )
Ninth Floor                                   )
Washington, D.C. 20002,                       )
                                              )
KEITH ANDERSON                                )
Acting Rent Administrator                     )
of the District of Columbia                   )
941 North Capitol Street, N.E.                )
Seventh Floor                                 )
Washington, D.C. 20002,                       )
                                              )
RITTENHOUSE TENANTS ASSOCIATION, INC.,        )
Serve:  Joan E. Tillman, Registered           )
            Agent                             )
        6101 16th Street, N.W.                )
        Apartment 721                         )
        Washington, D.C.  20011,              )
                                              )
                                              )
                                              )
        DEFENDANTS.                           )
```

## COMPLAINT
### (VIOLATION OF CIVIL RIGHTS UNDER SECTION 42 U.S.C. SECTION 1983)

PLAINTIFF RITTENHOUSE, LLC, by its undersigned counsel, hereby sues Defendants for declaratory and injunctive relief and damages on account of the Defendants' violations of the Civil Rights of Plaintiff Rittenhouse, LLC.

### JURISDICTION

2

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) and (b)(3).

**PARTIES**

2. Plaintiff Rittenhouse, LLC is a New York limited liability company authorized to do business in the District of Columbia and is the owner of the land and improvements consisting of a 204 unit apartment building known as The Rittenhouse Apartments located at 6101 16th Street, N.W., Washington, D.C. (the "Housing Accommodation").

3. Defendant District of Columbia is a municipal corporation.

4. Defendant Ruth R. Banks is the Chairperson and Defendants Ronald A. Young and Jennifer M. Long are the Commissioners, respectively, of the District of Columbia Rental Housing Commission, an agency of the District of Columbia created pursuant to D.C. Code Section 42-3502.01. The Rental Housing Commission hears appeals from contested cases before the Rent Administrator pursuant to D.C. Code Section 42-3502.02.

5. Defendant Keith Anderson is the Acting Rent Administrator of the District of Columbia, pursuant to D.C. Code Section 42-3502.04. The Rent Administrator, through the Rental Accommodations and Conversion Division of the District of Columbia Department of Consumer and Regulatory Affairs, hears and decides capital improvement petitions for rent-controlled housing accommodations,

such as The Rittenhouse Apartments, pursuant to D.C. Code Section 42-3502.10.

6. Defendant Rittenhouse Tenants Association, Inc. is an organization of Tenants of the Housing Accommodation.

**FACTS**

7. On January 3, 2001, Plaintiff Rittenhouse, LLC, as housing provider of the Housing Accommodation, filed with the Rent Administrator, through the Rental Accommodations and Conversion Division of the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), a Capital Improvement Petition which was assigned Docket Number CI 20,755. This Capital Improvement Petition was filed pursuant to D.C. Code Section 42-3502.10. The Capital Improvement Petition sought approval from the Rent Administrator for the replacement of all of the windows at the Housing Accommodation, pursuant to D.C. Code Section 42-3502.10. As stated in the Capital Improvement Petition, the cost incurred by Plaintiff Rittenhouse, LLC for the replacement of the windows at the Housing Accommodation is $1,486,834.00.

8. Pursuant to D.C. Code Section 42-3502.10 and 42-3502.16, Celio Young, a Hearing Examiner of the Office of Adjudication of DCRA, held a hearing on the Capital Improvement Petition on March 26, 2001. Hearing Examiner Young and the Rent Administrator were required by D.C. Code Section 42-3502.16 and the Administrative Procedures Act, D.C. Code § 2-501, et seq., to tape record all of the testimony at the hearing, to preserve all of the documentary

4

and other evidence introduced at the hearing, and to preserve the entire record of the proceedings.

9. Defendant Rittenhouse Tenants Association, Inc. and numerous tenants of the Housing Accommodation appeared at the hearing and opposed the Petition.

10. Both Rittenhouse, LLC, as Housing Provider, and the respondent tenants presented extensive testimonial and documentary evidence at the March 26, 2001 hearing.

11. After the March 26, 2001 hearing, but prior to issuing a decision on the Capital Improvement Petition, Hearing Examiner Young left the employ of the Office of Adjudication.

12. Capital Improvement Petition, CI 20,755 was then assigned to Hearing Examiner Terry Michael Banks, another Office of Adjudication Hearing Examiner, for decision. On July 27, 2001, Hearing Examiner Banks issued the agency's Proposed Decision and Order in CI 20,755. The Tenants opposed and filed exceptions to the Proposed Decision and Order.

13. On March 25, 2002, Hearing Examiner Banks issued the agency's Final Decision and Order. Therein, he specifically stated that he had "listened to the audio tape of the testimony in the March 26, 2001 hearing and reviewed the parties' exhibits."

14. Both the Proposed Decision and Order and the Final Decision and Order by Hearing Examiner Banks granted Plaintiff Rittenhouse LLC's Capital Improvement Petition, CI 20,755 in its entirety.

15. On April 11, 2002 several tenants of the Housing Accommodation filed a Notice of Appeal to the Rental Housing Commission, appealing from the March 25, 2002 Final Decision and Order by Hearing Examiner Banks.

16. On May 31, 2002, Hearing Examiner Banks issued an Amended Decision and Order, solely concerning the eligibility of two elderly tenants for exemption from the capital improvement surcharge, pursuant to D.C. Code Section 42-3502.10. The granting of the entire Capital Improvement Petition, CI 20,755 was not disturbed by this Amended Decision and Order.

17. On September 19, 2002, the Rental Housing Commission heard oral argument on the tenants' appeal. At no time did the Rental Housing Commission state that any part of the record of the proceedings before the Rent Administrator was missing.

18. By Decision and Order dated August 13, 2003, in <u>Tenants of Rittenhouse Apartments</u> v. <u>Rittenhouse, LLC</u>, CI 20,755 (RHC August 13, 2003), the Rental Housing Commission determined that the March 25, 2002 Final Decision and Order by Hearing Examiner Banks did not contain findings of fact and conclusions of law. In fact, the Final Decision and Order incorporated the findings of fact and conclusions of law which were extensively set forth in the Proposed Decision and Order. The case was remanded to the Rent Administrator for a final Decision and Order. The Rental Housing Commission also directed that, on remand, the identity of the parties had to be determined and that the issue of eligibility of

elderly tenants for exemption from the capital improvement surcharge had to be determined.

19. By letter dated August 15, 2003, counsel for Plaintiff Rittenhouse, LLC wrote to the Rent Administrator to complain that Capital Improvement Petition, CI 20,755 had then been pending for over two-and-a-half years and that it was inexcusable for it to be remanded based on a failure to meet basic requirements such as identification of parties and inclusion of findings of fact and conclusions of law.

20. Hearing Examiner Banks left the employ of the Office of Adjudication before rendering a decision on remand. Hearing Examiner Carl Bradford, a Hearing Examiner of the Rental Accommodations and Conversion Division, was assigned the Capital Improvement Petition, CI 20,755 on remand.

21. On January 28, 2004, Hearing Examiner Bradford issued a Decision and Order again granting the Capital Improvement Petition in its entirety. Both Rittenhouse, LLC and the respondent tenants moved for correction of specified errors in the January 28, 2004 Decision and Order.

22. By Order dated February 12, 2004, Hearing Examiner Bradford granted the motions for reconsideration and also on February 12, 2004, he issued a Proposed Decision and Order, again granting the Capital Improvement Petition in its entirety.

23. In his February 12, 2004 Proposed Decision and Order, Hearing Examiner Bradford (like Hearing Examiner Banks had done

earlier) specifically recited that he had "listened to the audiotape of the testimony in the March 26, 2001 hearing and reviewed the parties' Exhibits."

24. On April 19, 2004, Hearing Examiner Bradford issued a Final Decision and Order, again granting the Capital Improvement Petition in its entirety. Again, he specifically recited that he had "...listened to the audiotape of the testimony in the March 26, 2001 hearing and reviewed the parties' Exhibits." The April 19, 2004 Decision and Order also resolved the issues for which the Rental Housing Commission had remanded the case to the Rent Administrator.

25. By Order dated April 28, 2004, Hearing Examiner Bradford incorporated a list of the parties into his April 19, 2004 Final Decision and Order.

26. On May 6, 2004, the tenants, through their counsel, filed a Notice of Appeal from the April 19, 2004 Final Decision and Order by Hearing Examiner Bradford.

27. By memorandum dated May 13, 2004, the Rent Administrator certified the record in Capital Improvement Petition, CI 20,755 and transmitted it to the Rental Housing Commission.

28. The Rental Housing Commission held oral argument on the tenants' appeal on July 13, 2004.

29. The Rental Housing Commission does not schedule oral argument on an appeal unless it has verified that the record is

complete and that the hearing tapes are complete and in the possession of the Rental Housing Commission.

30. At no time from the filing of the Capital Improvement Petition on January 3, 2001 through the July 13, 2004 oral argument did the Rental Housing Commission (or anyone else) indicate that any part of the record on appeal was missing.

31. Pursuant to D.C. Code Section 42-3502.16 and 14 DCMR Sections 4006.1 and 3820.1, the Rent Administrator is required to preserve and transmit the record, including the tapes of oral testimony, to the Rental Housing Commission.

32. Pursuant to D.C. Code Section 42-3502.16(g), Section 2-509 and 14 DCMR Sections 3804.2 and 3820.1, the Rental Housing Commission is required to preserve the record on appeal, including the tapes of the oral testimony.

33. On November 14, 2005, Defendants Banks, Young and Long issued a Decision and Order on the tenants' appeal. In the November 14, 2005 Decision and Order, Defendants Banks, Young and Long for the first time stated that: "A review of the record by the Commission reflects that the tapes of the March 26, 2001, OAD hearing are not a part of the certified record on appeal." Id. at 5. This statement was knowingly and intentionally false, and was made with the purpose and intent of depriving Plaintiff Rittenhouse, LLC of its right to Due Process of law under the Fifth Amendment to the United States Constitution.

34. In the same November 14, 2005 Decision and Order, in furtherance of the illegal conspiracy to deprive Plaintiff Rittenhouse, LLC of Due Process, Defendants Banks, Young and Long stated that since the entire record was not before them: "... the Commission cannot properly decide this case without the record of the missing testimony on the tapes. Accordingly this case is remanded to the Rent Administrator for a hearing de novo." Id. at 7.

35. In the November 14, 2005 Decision and Order, Defendants Banks, Young and Long cited five other cases where the hearing tapes had been lost on appeal to the Rental Housing Commission.

36. On November 23, 2005, Plaintiff Rittenhouse, LLC filed a Motion requesting that the Rental Housing Commission reconsider the November 14, 2005 Decision and Order and in that Motion for Reconsideration Plaintiff Rittenhouse, LLC demonstrated that the tenants, as appellants, not the Housing Provider, had the burden of showing error on the appeal, and that it was the burden of the tenants, as appellants, to present a record to the Rental Housing Commission sufficient for it to decide the appeal. Plaintiff Rittenhouse, LLC further demonstrated that, according to decided case law of the District of Columbia Court of Appeals, failure of the tenants, as appellants, to present a sufficient record results in the appeal being denied. Plaintiff Rittenhouse, LLC asserted in said Motion for Reconsideration that the announced remand for a

10

hearing de novo would deny Plaintiff Rittenhouse, LLC its Constitutional right to Due Process of law.

37. In an Order dated February 27, 2006 (Order on Motion for Reconsideration), Defendants Banks and Young denied Plaintiff Rittenhouse, LLC's Motion for Reconsideration and adhered to the decision remanding the case for a hearing de novo.

38. In the February 27, 2006 Order, Defendants Banks and Young cited five other cases in which the Rent Administrator or the Rental Housing Commission had lost all or part of the record on appeal and in which the Rental Housing Commission therein had adhered to its rule announced in those prior cases, and others, that the loss of the record requires a remand for a hearing de novo.

39. The claimed loss of a portion of the record on appeal in this case is a part of a prolonged and deliberate scheme and intentional failure by the government Defendants Banks, Young, Long and Anderson to establish procedures to properly preserve records on appeal, as they are required to do under D.C. Code Sections 42-3502.16, 2-504 and 14 DCMR Sections 4006.1, 3804.2 and 3820.1, and this scheme and failure are part of a deliberate scheme and illegal practice by Defendants Banks, Young, Long and Anderson, to deprive Rittenhouse, LLC and other housing providers filing capital improvement petitions of the procedural safeguards to which they are entitled under the Due Process Clause of the Fifth Amendment to the United States Constitution.

40.  The Rent Administrator and the Rental Housing Commission have previously been sued under the Civil Rights Act, 42 U.S.C. §1983, in <u>District Properties Associates v. District of Columbia</u>, 743 F.2d 21 (D.C. Cir. 1984), for the very aforesaid deliberate scheme alleged in this Complaint, but they have failed and refused to cease these Unconstitutional violations of the Due Process Clause.

41.  Further, the scheme and failure of Defendants Banks, Young, Long and Anderson alleged in paragraph 39 further violates the Due Process rights of Rittenhouse, LLC when it is combined with their action, contrary to established law, directing that the loss of the record results in the case being remanded to the Rent Administrator for Rittenhouse, LLC to begin presenting its case all over again, more than five years after the Capital Improvement Petition was filed and the events have occurred, in direct contravention of established case law that the tenants, as appellants, are required to bear the consequences of the loss of the record, resulting in the denial of their appeal.  <u>Cohen v. Rental Housing Commission</u>, 496 A.2d 603 (D.C. 1985).  The purpose and intent of the illegal action by Defendants Banks, Young and Long remanding for a hearing <u>de novo</u>, and the announced intention of Defendant Anderson to require Plaintiff Rittenhouse, LLC to submit to that hearing <u>de novo</u>, is a deliberate and legally impermissible deprivation of the substantive and procedural Due Process rights of Rittenhouse, LLC, which seeks to deprive

Plaintiff Rittenhouse, LLC of its substantive property right, under D.C. Code § 42-3502.10 and the Decisions and Orders of Hearing Examiners Young and Bradford, to recover from the tenants the costs, interest and service charges in the amount of $1,486,834.00 expended by Plaintiff Rittenhouse, LLC for replacement of the windows in the Housing Accommodation, as well as its procedural Due Process right to have the Defendants adhere to established legal requirements.

42. The loss of the portion of the record on appeal (the hearing tapes) was a deliberate act or omission on the part of the Defendants Banks, Young and Long, or Defendant Anderson, or both, to deprive Plaintiff Rittenhouse, LLC of its right to procedural and substantive Due Process under the Fifth Amendment to the United States Constitution.

43. Defendant Rittenhouse Tenants Association, Inc. and its members have acted in concert with Defendant District of Columbia and Defendant Anderson and Defendants Banks, Young and Long to deprive Plaintiff Rittenhouse, LLC of its Due Process rights, by <u>ex parte</u> communications with government officials, by wrongfully inducing tenants and others to deprive Plaintiff Rittenhouse, LLC of the capital improvement surcharge due to it, and by causing government officials to harass Plaintiff Rittenhouse, LLC contrary to established law, all in violation of the Fifth Amendment to the United States Constitution.

44. Deprivation of Plaintiff Rittenhouse, LLC's Due Process rights is a violation to the Fifth Amendment of the United States Constitution which is applicable to the District of Columbia.

45. Plaintiff Rittenhouse, LLC has a cause of action against the Defendants under 42 U.S.C. § 1983, which provides, in part, that:

> "every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the laws, shall be liable to the party injured in any action ***."

46. The District of Columbia and the other Defendants are included in the concept of a "person" who may be liable under Section 1983.

47. That the District of Columbia and the other Defendants purported to be acting pursuant to the laws of the District of Columbia is clear from the multiple citations to the D.C. Code found in the decisions, orders and pleadings in this case.

48. Plaintiff Rittenhouse, LLC has suffered injury and damages as a result of the actions and omissions of the Defendants alleged in this Complaint and the Defendants are liable for said injury and damages to Plaintiff Rittenhouse, LLC.

49. Plaintiff Rittenhouse, LLC is suffering irreparable injury as a result of the actions of the Defendants and has no

adequate remedy at law. Defendant Anderson, as Rent Administrator, has announced his intention to proceed to carry out the illegal Order of the Rental Housing Commission to require Plaintiff Rittenhouse, LLC to again bear the burden of proving its case in a hearing de novo. Defendant Anderson and Defendants Banks, Young and Long continue to engage in the deliberate Unconstitutional conduct and practices alleged in this Complaint.

50. An actual and justiciable controversy exists between the parties and this Court has jurisdiction to issue declaratory and injunctive relief.

51. The actions of the Defendants described above were motivated by evil intent, or were willful and intentional violations of the Due Process rights of Plaintiff Rittenhouse, LLC, or were taken with reckless or callous indifference for Plaintiff Rittenhouse, LLC's Constitutionally protected rights, such that the Defendants are individually liable for punitive damages to Plaintiff Rittenhouse, LLC under 42 USC §1983, supra and 42 U.S.C. §1988. In addition, Plaintiff Rittenhouse, LLC is entitled to an award of its attorneys' fees and costs, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff Rittenhouse, LLC requests that this Court grant the following relief:

(a) A Declaratory Judgment that the actions of the Defendants constitute a deprivation of the Due Process rights of Plaintiff

Rittenhouse, LLC in violation of the Fifth Amendment to the United States Constitution.

(b) An injunction prohibiting the Defendants from continuing to engage in conduct depriving Plaintiff Rittenhouse, LLC of its Due Process rights, including, without limitation, prohibiting the Defendants from requiring Plaintiff Rittenhouse, LLC to present its Capital Improvement Petition, CI 20,755 again in a *de novo* hearing.

(c) Compensatory damages in an amount to be determined, against all Defendants, jointly and severally.

(d) Punitive damages, in an amount to be determined by this Court, against each of the Defendants, jointly and severally, in both their individual and official capacities.

(e) An award of Plaintiff Rittenhouse, LLC's attorneys' fees and costs.

(f) Such other and further relief as this Court determines is appropriate and just.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: March 23, 2006

Vincent Mark J. Policy, #204701
Richard W. Luchs, #243931
M. Ryan Jenness #479076
1620 L Street, N.W.
Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Plaintiff Rittenhouse, LLC

284110v1