UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ———————————————— | ) | |
| RITTENHOUSE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00545 |
| | ) | (JR) |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), defendants (District of Columbia, Ruth R. Banks, Ronald A. Young, Jennifer M. Long, Keith Anderson) (collectively, the defendants) hereby moves this Honorable Court to dismiss the complaint based on the following grounds: (1) the plaintiff lacks standing, (2) the plaintiff has not exhausted its administrative remedies, (3) the plaintiff has failed to state a constitutional claim, as this is purely a local law issue, and (4) the Court should abstain from exercising jurisdiction under the *Younger* doctrine. Should the Court not dismiss for any of these reasons, the Court should dismiss the claims against the individually named government officials because they are entitled to "qualified immunity." These grounds are set forth more fully in the accompanying Memorandum of Points and Authorities. A proposed Order is also submitted for the Court's consideration.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section


_____/s/ John D. Dodge_____
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Office of the Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| RITTENHOUSE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 1:06CV00545 |
| ) | (JR) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Defendants,\[1] pursuant to Fed. R. Civ. P. 12(b)(1) and (6), move this Court to dismiss the

complaint.  This memorandum of points and authorities is provided in support of the defendants'

dispositive motion in accordance with LCvR 7.1(a).

In this Motion, defendants move this Court to dismiss this complaint because:  (1) the

plaintiff lacks standing, (2) the plaintiff has not exhausted its administrative remedies, (3) the

plaintiff has failed to state a constitutional claim, as this is purely a local law issue, and (4) the

Court should abstain from exercising jurisdiction under the *Younger* doctrine.  Should the Court

not dismiss for any of these reasons, the Court should dismiss the claims against the individually

named government officials because they are entitled to "qualified immunity" as plaintiff's

---

[1]  Plaintiff has named as defendants in this case the District of Columbia, Ruth R. Banks (Chairperson, D.C. Rental Housing Commission), Ronald A. Young (Commissioner, D.C. Rental Housing Commission), Jennifer M. Long (Commissioner, D.C. Rental Housing Commission), Keith Anderson (Acting Rent Administrator of the District of Columbia) (collectively, "the District"). Defendants Ruth R. Banks, Ronald A. Young, Jennifer M. Long, Keith Anderson are named individually and in their official capacities.  This Motion is brought on behalf of all these defendants.

claims against them arise from their reasonable interpretation and application of District of

Columbia laws and administrative rules governing local rent control.

## I. Brief Factual and Procedural Background

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must

accept the allegations in the complaint as true\[2] and, as such, the defendants offer the following

brief factual overview and procedural background to aid the Court in evaluating this Motion.\[3]

The plaintiff alleges the District of Columbia ("District") violated its constitutional due

process rights because the District's Rental Housing Commission\[4] remanded plaintiff's Petition

for Capital Improvements\[5] so that the Rent Administrator\[6] could re-create the record for review

through a *de novo* hearing.

The plaintiff landlord originally filed a Petition for Capital Improvements on January 3,

2001 (the "Petition").  After hearing testimony and receiving evidence at a March 26, 2001

hearing, the Rental Administrator issued a Proposed Order and Decision on July 27, 2001 and a

Final Order and Decision on March 25, 2002, both of which approved the plaintiff's Petition for

a rent increase for $1,486,834.00 in costs incurred by plaintiff landlord for replacement windows

to its 204 unit Rittenhouse Apartments complex.  Compl. ¶¶ 2-8.

Since filing its Petition for a rent increase, and in accordance with the local rent control

laws and implementing rules, the Rittenhouse Apartments tenants have asserted various

administrative challenges to the Rent Administrator's Decision and Order approving the rent

---

[2] *See, e.g., Croixland Properties Ltd. Partnership  v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999).

[3] The defendants do not admit the allegations in plaintiff's complaint, except for the purposes of this Motion to Dismiss.

[4] D.C. Official Code § 42-3502.02 (Rental Housing Commission is the District governmental body responsible for reviewing decisions and orders of the Rent Administrator issued pursuant to the local rent control laws).

[5] D.C. Official Code § 42-3502.10 (Petition for Capital Improvement must be approved by Rent Administrator when landlord wishes to adjust rent to cover cost of capital improvements to a rental unit).

[6] D.C. Official Code § 42-3502.04 (Rent Administrator is the District government official charged with administering the local rent control laws).

increase.  As a result, the Rent Administrator's Decision and Order has been amended, revised, and reviewed on two occasions by the Rental Housing Commission ("Commission").  Compl. ¶¶ 10-28.

At issue in this case is a November 14, 2005 Decision and Order by the Commission that remanded the Rent Administrator's Decision and Order that approved the Plaintiff's Petition for a rent increase back to the Rent Administrator.  The Commission remanded the matter for re-creation of the record because the tape recordings of the March 21, 2001 hearing were not available for review by the Commission.  Compl. ¶¶ 33-35.

Plaintiff asserts in its complaint that the defendants violated its Fifth Amendment due process rights when the Commissioners remanded the Rent Administrator's Decision and Order approving the rent increase to the Rent Administrator for a *de novo* hearing in order to re-create the lost hearing record.  Compl. ¶¶ 34-51.  The Commission clearly explained in its November 14, 2005, Decision and Order that a remand was required by both the District of Columbia Administrative Procedure Act, case law, and the rules governing the administration of the rent control laws.  Compl. ¶¶ 33, 35, 37-38; *see also,* Exhibit 1, pp. 5-8, attached hereto.\7  Plaintiff, on the other hand, asserts that such an action is contrary to local case law and Rule 10 of the District of Columbia Court of Appeals.  Compl. ¶¶ 36-41.

## II.  Argument

Plaintiff's allegations derive from a purely local matter -- the laws and rules associated with the administrative review of District of Columbia rent control laws, and the District of Columbia rules governing review of agency orders by the District of Columbia Court of Appeals.

---

[7] Defendants request the Court take judicial notice of Commission's November 14, 2005 Decision and Order under Fed. R. Evid. 201(b)(2).

As the District will demonstrate below, the Court should dismiss plaintiff's complaint in its entirety, or dismiss the individually named government officials.

Plaintiff's argument is totally without merit as the cases it cited deal with matters submitted to the District of Columbia Court of Appeals (DCCA). These cases interpret Rule 10 of the DCCA as placing the burden on an appellant to provide the transcript to the DCCA. Because we are dealing here with a remand by the Commission to the Rent Administrator under the D.C. rent control laws and rules, the plaintiff's argument supporting its complaint -- that the Commission must follow Rule 10 of the DCCA -- does not even apply. Specifically, the tenants of the Rittenhouse Apartments have not yet appealed the Rent Administrator's Decision and Order approving the rent increase to the DCCA. The case is still at the administrative review level and has been remanded to the Rent Administrator. The only thing that has been submitted to the DCCA is the Commission's Order denying Plaintiff's Motion for Reconsideration of its decision to remand the Rent Administrator's Decision and Order that approved the Plaintiff's Petition for a rent increase so that the evidence contained in the missing tapes could be re-created.\[8]

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also, Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

---

[8] The D.C. Court of Appeals has issued a Show Clause Order asking why the appeal should not be dismissed for lack of jurisdiction as having been taken from a non-final order.

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Court also need not accept as true the complaint's factual allegations insofar as they contradict "matters subject to judicial notice."  *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) (public records are subject to judicial notice on a motion to dismiss) (citations omitted); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624-25 (D.C. Cir. 1997); s*ee also,* Fed. R. Evid. 201(b)(2) (judicial notice may be taken of a fact that is "not subject to reasonable dispute" and is "generally known within the territorial jurisdiction of the trial court" or is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

1.    ***The Court Should Dismiss the Complaint.***

   A.  **<u>Plaintiff Lacks Standing</u>**.

Plaintiff's feared injuries are too speculative to support standing.  Plaintiff has asked for declaratory and injunctive relief, and monetary damages, because the Commission has remanded the case to the Rent Administrator to re-create the record because the tapes of the March 26, 2001 hearing are missing.  However, the plaintiffs are not being harmed by the delay caused by the remand, because plaintiff was authorized to begin collecting increased rent as a result of the capital improvements beginning 60 days from first filing its Petition on January 3, 2001 with the Rent Administrator.  *See* D.C. Code § 42-3510(e).  Until shown otherwise, the Court should assume that the plaintiff has been collecting the requested rent increase from the tenants since March or April of 2001, as the law allows.

To have standing, a plaintiff must allege a "specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14 (1972); *Field v. Brown*, 610 F.2d 981, 990 (D.C. Cir. 1980); s*ee also, Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) ("The Constitution requires a concrete and particularized injury."). Separation of powers principles underlie the concept of standing, and reflect that courts should not prematurely interfere "with legislative and executive functions which have not yet proceeded so far as to affect individual interests adversely. Accordingly, the courts should never 'anticipate a question of constitutional law in advance of the necessity of deciding it.'" *Field*, 610 F.2d at 990 (quoting *Communist Party v. Subversive Activities Control Bd.*, 367 U.S. 1, 72 (1961).

 "Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (citations and internal quotation marks omitted); s*ee also Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (quoting *Babbitt v.Farm Workers*, 442 U.S. 289, 298 (1979)).

Here, Plaintiff has not shown any "certainly impending" injury, in fact, it, presumably, has been collecting or could have been collecting additional rent as soon as 60 days after submitting its Petition for a rent increase on January 3, 2001 to the Rent Administrator. D.C. Official Code § 42-3501.10(e). Accordingly, there is no "real and immediate" injury or harm caused by remanding the Rent Administrator's Decision and Order to re-create the record. Thus, the Court should dismiss the complaint due to lack of standing.

B. **Failure to Exhaust Administrative Remedies.**

In evaluating whether it has subject matter jurisdiction, a court must construe the complaint liberally, and give the plaintiff the benefit of all reasonable inferences. *Tozzi v. EP*A, 148 F. Supp. 2d 35, 41 (D.D.C. 2001) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). The court must view the allegations as a whole, and a conclusory averment of subject matter jurisdiction, negated by other allegations in the pleading, should result in dismissal. *See id*. at 35, 41 (citation omitted). In *Convertino v. United Stated Department of Justice*, 393 F. Supp. 2d 42; 2005 U.S. Dist. LEXIS 23895, the United States District Court for the District of Columbia, recently held that, pursuant to Fed. R. Civ. P. 12(b)(1), the court must dismiss claims over which it has no subject matter jurisdiction.

That Court further stated it is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (citing *Myers v. Bethlehem Shipbuilding Corp.,*303 U.S. 41 (1938)); *see also, id.* at 51 n. 9 (collecting cases); *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90 (D.C. Cir. 1986); *Utah Power & Light Co. v. ICC,* 747 F.2d 721 (D.C. Cir. 1984). The exhaustion doctrine functions primarily to forestall the "premature interruption of the administrative process" by the courts. *McKart v. United States,* 395 U.S. 185 (1969). In addition to preserving the "autonomy of the administrative agency . . . to exercise its expertise and discretion on appropriate matters," *Weinberger,* 795 F.2d at 105, a vigorous exhaustion requirement "also promotes effective and efficient judicial review by ensuring that such review is of a fully developed factual record, and undertaken with the benefit of the agency's exercise of discretion or application of expertise." *Id*. (citing *McKart,* 395 U.S. at 194; *Athlone Indus. v. Consumer Prod. Safety Comm'n,* 228 U.S. App. D.C. 80, 707 F.2d 1485, 1488 (D.C. Cir. 1983)).

The D.C. Circuit has explained that "jurisdictional exhaustion," actually limits federal court jurisdiction where "Congress requires resort to the administrative process as a predicate to judicial review," and is an extension of congressional power "to control the jurisdiction of the federal courts." *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243 (D.C. Cir. 2004) (citing *EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959 (D.C. Cir. 1999)).

Although it has been five years since the plaintiff filed its Petition for a rent increase, there has been considerable litigation at the administrative review level which has not yet resulted in a final agency order. The administrative matter is still pending and, therefore, this Court should dismiss this Complaint as the plaintiff has not yet exhausted its statutorily prescribed administrative remedies.

## C.  <u>Failure to State a Claim Under Which Relief May be Granted.</u>

Plaintiff's primary claim -- the one on which the remainder rests -- is that the Rental Housing Commission erred in interpreting and applying District of Columbia laws and administrative rules governing rent control. *See,* Compl. ¶¶ 39-51. Plaintiff seeks declaratory and injunctive relief and monetary damages asserting that the Commission's interpretation and application of the District's Administrative Procedure Act and the District of Columbia Municipal Regulations (DCMR) violates its Fifth Amendment due process rights. Compl. 15-16 , ¶ (a). But that claim is insufficient, as a matter of law, since it is merely a local law claim dressed up in constitutional garb.

Given plaintiff's failure to state a constitutional claim, the Court should *not* exercise supplemental jurisdiction over what is clearly a local-law claim. Even if plaintiff has stated a federal law claim, which it has not, it is dependent entirely on plaintiff's local law claim, which substantially predominates over any federal claims that may have been stated. As such, this matter should be dismissed. *Barwood v. District of Columbia*, 202 F.3d 290, 296 (D.C. Cir.

2000) (a federal court abuses its discretion when it exercises supplemental jurisdiction over local-law claims which "substantially predominate" over federal claims); *Grano v. Barry*, 733 F.2d 164, 169 (D.C. Cir. 1984) (Circuit dissolved injunction; "the district court should not retain jurisdiction because this case directly implicates the processes by which a locality governs itself. Appellees' remedy, if any, lies in the courts of the District of Columbia."); *cf. Women Prisoners of the District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 921 (D.C. Cir. 1996) (district court may consider local-law claims because federal claims "were substantial enough to confer subject matter jurisdiction on the court . . . ."), *cert. denied*, 520 U.S. 1196 (1997).

Here, plaintiff fails to state a claim, let alone a federal claim, that is substantial enough to confer subject matter jurisdiction on the Court, because it is derived wholly from its local law claim, which directly implicates the processes by which the District governs itself. *Grano*, 733 F.2d at 169. Plaintiff's claim that a due process violation arises from a District administrative tribunal's interpretation of local law trivializes and misuses the Fifth Amendment.

The Supreme Court has cautioned federal and state courts against enlarging the "commodious" contours of Section 1983 and of the Fourteenth Amendment so as to displace state law. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986); *Paul v. Davis*, 424 U.S. 693, 701 (1976). Here, the mere fact that the challenged conduct was performed by state actors does not support plaintiff's characterization of it as a constitutional wrong.

Plaintiff complains that it is being denied its due process rights by being required to participate in a *de novo* hearing in order to re-create the evidence on the lost tapes of a March 26, 2001 hearing. In reality, plaintiff is not and cannot claim that it has been denied due process, rather it is complaining about the process it has received and which is available to it. Plaintiff fails to state a federal claim and the complaint should be dismissed. Moreover, if this Court

should dismiss the federal claims, it should dismiss the local-law claim as well. *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (footnote omitted).

Accordingly, the Court should dismiss plaintiff's complaint for its failure to state a claim upon which relief may be granted.

### D.  Court Should Abstain Under *Younger* Doctrine.

Even if the Court finds that it is not compelled to dismiss under any of the above-pleaded grounds, the defendants move that the Court should abstain from exercising its jurisdiction over this matter under the Y*ounger* abstention doctrine.  Despite abstention being a narrow exception to a court taking jurisdiction, *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny adhere to the policies of comity and a proper respect for state functions and "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004); *Worldwide Moving & Storage, Inc. v. D.C.*, 2006 U.S. App. LEXIS 9297 (D.C. Cir. 2006).

Under *Younger*, the question whether a federal district court should abstain is threefold: "first, . . . [is there] an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432; *JMM* at 1120.

The leading case in this Circuit is *JMM* where the Court applied the *Younger* doctrine to a local administrative process within the District of Columbia.  Specifically, in *JMM*, the Circuit Court, when dealing with a dispute over local land-use laws, upheld the District Court's

dismissal of all claims below, except a claim for monetary damages, which was stayed pending

resolution of the local proceedings.

Here, plaintiff requests declaratory, injunctive relief, and monetary damages, because it

disputes the Commission's interpretation and application of the laws and rules governing the

District's rent control administrative review process. These claims have been raised before the

Rental Housing Commission, as well as the DCCA, and involve matters of substantial local

interest. Therefore, dismissal of this Complaint is mandated by *JMM*:

> The ongoing District of Columbia proceedings are judicial in nature and implicate
> important District interests; those proceedings afford [plaintiff] an adequate
> opportunity to litigate its federal claims; and there are no extraordinary
> circumstances warranting equitable relief. Accordingly, the criteria for application
> of the *Younger* doctrine have been satisfied, and the district court's dismissal of
> [plaintiff]'s complaint was appropriate.

*Id*. at 1128 (*citing Younger v. Harris*, 401 U.S. 37 (1971)).

Identically here, the ongoing local proceedings are judicial in nature and implicate

important District interests -- local rent control laws and administrative rules. The fact that

Plaintiff has asserted claims identical to those submitted in this case to the Rental Housing

Commission (and, at least for the moment, to the DCCA) demonstrate that there are ongoing

proceedings at the local level that afford plaintiff an adequate opportunity to litigate its federal

claims. In light of *JMM*, the Court should dismiss the Complaint under the *Younger* doctrine.

**2.**     ***Under the "Qualified Immunity" doctrine, the Court should dismiss the four
individually named defendant government officials.***

Should the Court decide not to grant this Motion to Dismiss for any of the above-

discussed reasons, the Court should dismiss the individually named governmental officials as

they are entitled to "qualified immunity" from the lawsuit.

The doctrine of qualified immunity was defined by the Supreme Court in *Harlow v.

Fitzgerald*, 457 U.S. 800 (1982), as one which shields government official's "discretionary

- 13 -

functions" as long as "their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Id.* at 818.

Since *Harlow* was decided, the Supreme Court further expanded the qualified immunity

standard in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).  The Court stated:

> Unless the plaintiff's allegations state a claim of violation of
> *clearly established law*, a defendant pleading qualified immunity
> is entitled to dismissal *before* the commencement of discovery.

*Id.* at 536. (Emphasis supplied); s*ee also, Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir.

1991).

In the instant case, plaintiff fails to allege that any of defendants Banks, Young, Long, or

Anderson violated any clearly established federal law of which a reasonable person in their

respective position should have known.  In fact, the Commissioners, in their November 14, 2005

Decision and Order, clearly explained that they were following clearly established local rent

control statutes, case law, and rules when they remanded the Rent Administrator's Decision and

Order for re-creation of the missing evidence that the Commission required to conduct its

review.  For this reason alone, plaintiff does not allege anything against these defendants which

would constitute a cognizable constitutional claim, much less a violation of clearly established

law.

In the context of constitutional tort actions against government officials, the Supreme

Court has routinely admonished district courts not to perpetuate lawsuits otherwise crying out for

dismissal:

> Insubstantial lawsuits can be quickly terminated by federal courts
> alert to the possibilities of artful pleading.  Unless the complaint states
> a compensable claim for relief under the Federal Constitution, it should
> not survive a motion to dismiss.

*Butz v. Economou,* 438 U.S. 478, 507-508 (1978); *accord Harlow v. Fitzgerald*, 457 U.S. 800, 808, 877-818 (1982).

It is clear that the application of the Supreme Court's decisions in *Harlow*, *Mitchell* and *Butz* are based upon the necessity to shield government officials from the type of lawsuit plaintiff has filed here:

> It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties -- suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government.

*Barr v. Mateo*, 360 U.S. 564, 571 (1959).

It is clear that officials, such as defendants Banks, Young, Long, and Anderson would be reluctant to exercise their duties in light of the countless actions and decisions that they have to make if they had to fear that lawsuits would flow from each action, decision or recommendation made in administering the District's rent control laws.

Furthermore, "qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194 (2001) (citing *Mitchell*, 472 U.S. at 526)). "The relevant dispositive inquiry in determining [if an official is entitled to qualified immunity is] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* at 2156-57 (citing *Malley v. Briggs*, 457 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

Under *Harlow*, the determination of whether an official protected by qualified immunity may be held personally liable depends on the "objective reasonableness" of the allegedly

unlawful action, assessed in light of legal rules that were "clearly established" at the time the action was taken.  *Anderson v. Creighton*, 483 U.S. 635 (1987).

Moreover, the "clearly established" rule cannot be so broadly defined as to nullify the protection of qualified immunity by alleging, as plaintiff does here, violation of extremely broad rights.  Compl. p. 10-15, ¶ 34-51.  The right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right.  As the Court in *Martin v. Malhoyt*, 830 F.3d 237 (D.C. Cir. 1987) stated:

> [P]laintiffs bringing suit against public officials generally must put forward, in their complaints or other supporting materials greater factual specificity and particularity than is usually required.

*Id*. at 256.

Here, the Commissioners were merely following the well established laws, rules and practices of the District's rent control process.  In short, the Court should afford each of the individually named government officials qualified immunity.  No evidence has been submitted by the plaintiff to suggest that these defendants violated clearly established federal or constitutional rights, which a reasonable official in their respective position would have known.  Accordingly, the Court should dismiss the claims against the individual defendants on the basis of qualified immunity.

### III.  Conclusion

For the foregoing reasons, the defendants move to dismiss the complaint, and the individually named defendant government officials.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section


_____/s/ John D. Dodge_____
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Office of the Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431