## DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION

### CI 20,755

In re: 6101 16th Street, N.W.

Ward Four (4)

### TENANTS OF RITTENHOUSE APARTMENTS
Tenants/Appellants

v.

### RITTENHOUSE, LLC.
Housing Provider/Appellee

### DECISION AND ORDER

### November 14, 2005

**YOUNG, COMMISSIONER.** This case is on appeal from the District of

Columbia Department of Consumer and Regulatory Affairs (DCRA), Rental

Accommodations and Conversion Division (RACD), to the Rental Housing Commission

(Commission). The applicable provisions of the Rental Housing Act of 1985 (Act), D.C.

OFFICIAL CODE §§ 42-3501.01-3509.07 (2001), the District of Administrative Procedure

Act (DCAPA), D.C. OFFICIAL CODE §§ 2-501-510 (2001), and the District of Columbia

Municipal Regulations, 14 DCMR §§ 3800-4399 (2004) govern these proceedings.

## I.    PROCEDURAL HISTORY

On January 3, 2001, Rittenhouse, LLC., the housing provider of the housing

accommodation located at 6101 16th Street, N.W., filed with RACD, Capital

Improvement (CI) Petition 20,755. The petition sought approval from the Rent

Administrator for the replacement of the windows at the housing accommodation. An

Office of Adjudication (OAD) hearing was held on the petition on March 26, 2001, with

Hearing Examiner Celio Young presiding. After the hearing, but prior to a decision, Hearing Examiner Young left the agency. On July 27, 2001, the Rent Administrator, Christina Northern, issued the agency's Proposed Decision and Order in CI 20,755. On August 10, 2001 tenants Benjamin F. Hart and Mary Hart filed a motion for reconsideration of the Rent Administrator's July 27, 2001, Proposed Decision and Order. On August 22, 2001, counsel for the tenants, Bernard Gray, Sr., Esquire, submitted exceptions to the Proposed Decision and Order. On March 25, 2002, Hearing Examiner Terry Michael Banks issued the agency's Final Decision and Order. On April 11, 2002, Attorney Gray filed, on behalf of several of the tenants at the housing accommodation, a notice of appeal in the Commission. On May 31, 2002, Hearing Examiner Banks issued an Amended Decision and Order.

The tenants timely filed a notice of appeal in the Commission of the March 25, 2002 decision and order. In Tenants of Rittenhouse Apartments v. Rittenhouse, LLC., CI 20,755 (RHC Aug. 13, 2003), the Commission determined that the Rent Administrator's March 25, 2002 "Final Decision and Order" was issued without findings of fact and conclusions of law, contrary to the DCAPA, D.C. OFFICIAL CODE § 2-509(e) (2001).[1]

The case was remanded to the Rent Administrator for a final decision and order which included findings of fact and conclusions of law. On April 19, 2004, Hearing Examiner Carl Bradford rendered the Rent Administrator's decision. The decision contained the following findings of fact:

---

[1] D.C. OFFICIAL CODE § 2-509(e) (2001), provides:

> Every decision and order adverse to a party to the case, rendered by the Mayor or an agency in a contested case shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. (emphasis added.)

1. The subject housing accommodation located at 6101 16th Street, N.W. is registered with RACD.

2. The subject housing accommodation contains two hundred three rental units, all of which are affected by the proposed improvements.

3. The proposed improvements are depreciable under the Internal Revenue Code and is a capital improvement under the Act.

4. The window replacement will protect or enhance the health, safety and security of the tenants and the habitability of the housing accommodation and rental units by removing old and worn out windows and replacing them with new modern double pane windows that operate properly, reduce air leakage and drafts, reduce heat transfer, block sound transfer, and reduce water infiltration.

5. There are no costs of energy savings accruing to the Housing Provider from the improvements. The tenants pay their own utilities for heat pumps and electricity.

6. The necessary permits and approvals to proceed with the capital improvement have been obtained.

7. The total cost of the improvements in CI 20,755, including interest and service charge, is $1,486,834.00.

8. The surcharge in CI 20,755 is $76.00 per rental unit per month, for each rental unit in the housing accommodation. As of the date the petition was filed, the surcharge does not exceed 20% of the rent ceiling for each unit prior to the surcharge.

9. The following tenants qualify as an elderly or disabled tenant (sic) under D.C. Official Code § 42-3502.06 and § 42-3502.10(j): C.A. Chapman, Maurice J. Wood, Erma A. Wilson, Linda R. Watson, Sarah Ward, Betty Stratford, Shirley Spearman, Pauline E. Smith, Edith Berkley Simpson, Arnelle R. Reynolds, Gisele J. Parienti, Khamous Parienti, Eleanor A. Miller, Gertrude McCombs, Melita E. Maizitis, Mr. & Mrs. Benjamin Mandel, Robert F. Lewis, Lilly Leonte, Eartha M. King, Leroy Jones[,] Burdena Jones[,] Alvanette Jones, Carrie Shamwell Johnson, Carl Johnson, Carrie Hines, Frances Hicks[,] John R. Hagan, Ernestine Hagan, Grace L. Hart, Benjamin Hart, Mary Hart, Willa R. Green, Dorothy Green, Paula D. Gordon, Robert M. Goodloe, Jr., Flavius Galiber, Yetta Galiber, Charlotte Barr Early, Elsie Dancy, Marion Davis, Elsie B. Claiborne[,] Joyce R. Broome[,] Jennie E. Barnes, Oscar Barnes, Myra P. Spriggs, Robert C. Winston[,] Joanna P. Vozeolas, Joan Tillman, Helen B. Anderson, [and] Richard W. Hunt.

10. The following tenants do not qualify for failure to timely submit exemption applications: Clinice Camper, Archer Coles, Harry Davis, Albert Davison, Catherine Elizabeth Hartman, Phoebe Richards, Adrian H. Riggins and Barbara G. Ruley.

11. The housing accommodation was thoroughly inspected by the Housing Inspection Division of DCRA. Petitioner's Exhibit No.2, the documents filed with the petition, and the December 13, 2000 memorandum from Hubert Johnson for the Rent Administrator support this finding..

Tenants of Rittenhouse Apartments v. Rittenhouse, LLC., CI 20,755 (RACD Apr. 19, 2004) at 19. The hearing examiner's decision and order contained the following conclusions of law:

1. Petitioner is entitled to a rent ceiling surcharge as set forth in the Findings of Fact above in the amount of $76.00 rental unit per month for each of the two hundred three (203) rental units in the Housing Accommodation to reimburse Petitioner for the costs of performance of capital improvements pursuant to the Act and the Regulations.

2. This case has not involved any issue or determination with regard to the proper rent ceilings, or the rent charged prior to the date of this Decision. Accordingly, this decision shall not constitute a bar to a subsequent action by a Tenant, the Housing Provider or the Rent Administrator, with regard to the proper rent ceilings, or the lawfulness of any rent charged, prior to the date of this Decision.

Id. at 19-20.

On May 6, 2004, the tenants through their counsel, Mr. Gray, filed a notice of appeal in the Commission of the April 19, 2004 hearing examiner's decision. The Commission held its appellate hearing on July 13, 2004. The tenants raised the following issues in their notice of appeal:

1. The Hearing Examiner failed to identify the proper parties to the proceeding as required by 14 DCMR § 3904.

2. The Hearing Examiner failed to list the management agent as required by 14 DCMR § 3905.

3. Findings [sic] of Fact number 11 in the Proposed Decision and Order – the housing accommodation was thoroughly inspected – is not supported by the evidence.

4. The Examiner erred by failing to dismiss the petition when the Examiner determined that the Notice required under 14 DCMR 4210.2 – notice to the elderly disable [sic] - was not sent to the Occupants until February 8, 2002 yet [sic] the Petition was filed on January 3, 2001.  The Examiner considered the regulations regarding the elderly and disabled tenants, but did not discuss the issue of the Petitioner failing to notify the Tenants pursuant to the regulations. … The notification to the Tenants was not given in accordance with the [r]egulations.  The evidence supports the notice required by the [r]egulations was [sic] not given as required by the Act and thus, does not support the conclusions that the Petition should be granted.

5. The Hearing Examiner erred when he refused to [s]tay the proceeding because Sawyer Property Management of MD, Inc., which should have been made a Party to this case, was not authorized to do business in the District of Columbia.

Notice of Appeal at unnumbered pages 1-3.

## II.    PRELIMINARY ISSUE ON APPEAL

A review of the record by the Commission reflects that the tapes of the March 26, 2001, OAD hearing are not a part of the certified record on appeal.  Therefore, the Commission raises the following preliminary issue on appeal:

**Whether the Commission can properly decide this appeal without the testimony on the hearing tapes.**

The Rental Housing Act of 1985 requires the proceedings for administrative hearings and appeals conform with the provisions of the DCAPA.  The Act states:

All petitions filed under this section, all hearings held relating to the petitions, and all appeals  from decisions of the Rent Administrator shall be considered and held according to the provisions of this section and title I[2] of the District of Columbia Administrative Procedure Act.  In the case of any direct, irreconcilable conflict between the provisions of this section and the District of Columbia Administrative Procedure Act, the District of Columbia

---

[2]  The District of Columbia Administrative Procedure Act now appears in title II of the District of Columbia code, D.C. OFFICIAL CODE §§ 2-501-510 (2001).

Administrative Procedure Act shall prevail. (emphasis added.)

D.C. OFFICIAL CODE § 42-3502.16(g) (2001). The relevant part of the DCAPA states, "[t]he Mayor or the agency shall maintain an official record in each contested case, to include testimony and exhibits ... [which] shall constitute the exclusive record for order or decision." D.C. OFFICIAL CODE § 2-509(c) (2001) (emphasis added). In addition, the rules governing hearings conducted pursuant to the authority of the Rent Administrator state that the official record of hearings include the hearing tapes. 14 DCMR § 4007(b) (2004). In this case the record testimony on tape(s) was not maintained as part of the certified record.

The Commission's rules state that "the record on appeal shall consist of ...[t]he tape recordings or transcripts of the hearings before the hearing examiner." 14 DCMR § 3804.3(b) (2004). Therefore, the Commission has an incomplete record, which is neither in conformance with the Act, nor the DCAPA, nor the rules of the Rent Administrator and the Commission.

The Commission previously held that it cannot decide cases without the testimony on the hearing tapes from the Rent Administrator's hearings in the following cases. Holberg v. Davis, TP 23,529 (RHC Apr. 11, 1996); Cannon v. Stevens, TP 23,523 (RHC Apr. 11, 1996); Williams v. Poretsky Mgmt. Co. Inc., TP 23,625 (RHC July 11, 1996); Mellon Property Mgmt. Co. v. Jimoh, TP 23,467 (RHC Apr. 24, 1997); and Shapiro v. Comer, TP 21,742 (RHC Apr. 24, 1997).

The Commission concludes, because the testimony on the hearing tapes was not retained with the official record in this case, the record is incomplete. The Act requires the Commission to review the record, which by law in the DCAPA includes the

testimony on the hearing tapes, to determine whether the hearing examiner's decision was

"arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence on

the record of the proceedings." D.C. OFFICIAL CODE § 42-3502.16(h) (2001).

Therefore, based on the mandates in the Act, the DCAPA, and the case law, the

Commission cannot properly decide this case without the record of the missing testimony

on the tapes.  Accordingly, this case is remanded to the Rent Administrator for a hearing

de novo.

### III.    CONCLUSION

For the foregoing reasons the petition in CI 20,755 is remanded for a hearing de

novo.

SO ORDERED.

_____
RUTH R. BANKS, CHAIRPERSON

_____
RONALD A. YOUNG, COMMISSIONER

_____
JENNIFER M. LONG, COMMISSIONER

MOTIONS FOR RECONSIDERATION

Pursuant to 14 DCMR § 3823 (2004), final decisions of the Commission are subject to reconsideration or modification.  The Commission's rule, 14 DCMR § 3823.1 (2004), provides, "[a]ny party adversely affected by a decision of the Commission issued to dispose of the appeal may file a motion for reconsideration or modification with the Commission within ten (10) days of receipt of the decision."

JUDICIAL REVIEW

Pursuant to D.C. OFFICIAL CODE § 42-3502.19 (2001), "[a]ny person aggrieved by a decision of the Rental Housing Commission ... may seek judicial review of the decision ... by filing a petition for review in the District of Columbia Court of Appeals."  Petitions for review of the Commission's decisions are filed in the District of Columbia Court of

Appeals and are governed by Title III of the Rules of the District of Columbia Court of Appeals. The court may be contacted at the following address and telephone number:

> D.C. Court of Appeals
> Office of the Clerk
> 500 Indiana Avenue, N.W., 6th Floor
> Washington, D.C. 20001
> (202) 879-2700

## CERTIFICATE OF SERVICE

I certify that a copy of the Decision and Order in CI 20,755 was mailed postage prepaid by priority mail, with delivery confirmation, on this **14th** day of November, **2005**, to:

Bernard A. Gray, Sr., Esquire
2009 18th Street, S.E.
Washington, D.C. 20020

Vincent Mark J. Policy, Esquire
Greenstein DeLorme & Luchs
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036

Mr. F. Benjamin Hart
Ms. Mary Hart
6101 16th Street, N.W.
Unit 911
Washington, D.C. 20011

Ms. Joan Tillman, President
Rittenhouse Tenants Association, Inc.
6101 16th Street, N.W.
Unit 721
Washington, D.C. 20011

Ms. Clinice Camper
6101 16th Street, N.W.
Unit 514
Washington, D.C. 20011

Mr. C.A. Chapman
6101 16th Street, N.W.
Washington, D.C. 20011

LaTonya Miles
Contact Representative
(202) 442-8949