UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RITTENHOUSE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00545 |
| | ) | (JR) |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF PLAINTIFF RITTENHOUSE, LLC IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

PLAINTIFF RITTENHOUSE, LLC, by undersigned counsel, herein opposes the Defendants' Motion to Dismiss this action. The Motion to Dismiss seriously misconceives, and consequently misportrays, the allegations of the Complaint in this action, all of which must be accepted as true on this Motion to Dismiss. When viewed correctly, according to its allegations, the Complaint clearly states a claim under the Civil Rights Act, 42 U.S.C. § 1983. The Defendants' other arguments asserted in the Motion to Dismiss have no merit. The Motion to Dismiss should therefore be denied.

1. <u>FACTS</u>

Plaintiff Rittenhouse, LLC is the owner of The Rittenhouse Apartments at 6101 16th Street, N.W. More than five years ago, on January 3, 2001, it filed a Capital Improvement Petition under D.C. Code § 42-3502.10, seeking approval of a rent surcharge for the $1.4 million it spent replacing the windows in the housing

accommodation.  A group of tenants opposed the Capital Improvement Petition, and a full day hearing was held on March 26, 2001 at which all parties provided testimony of witnesses and documentary exhibits.  The Hearing Examiner granted the Capital Improvement Petition in its entirety, specifically noting that he had listened to the hearing tapes.  The tenants appealed to the Rental Housing Commission and the Commission sua sponte noted a procedural problem which did not go to the merits (the Hearing Examiner's Final Decision and Order incorporated findings from a Proposed Decision and Order and did not specify all tenants' names), but which the Commission held required a remand.  On remand, a different Hearing Examiner again granted the Capital Improvement Petition in its entirety, again specifically noting that he had listened to the tapes of the March 26, 2001 hearing.

The tenants again appealed on May 6, 2004.  Up to this point, at no time had the Commission or any Hearing Examiner indicated that there was anything missing from the hearing tapes or for that matter any other part of the record of this case.

However, on November 14, 2005 (approximately 19 months after the appeal was filed), for the first time, the Commission announced in its Decision and Order that the tapes of the March 26, 2001 hearing "are not a part of the certified record on appeal," implying that they existed but had not been included in the record by the Rent Administrator.  Id. at 5.  As to the disposition of the appeal, the Commission remanded the case to the Rent Administrator

for a hearing <u>de</u> <u>novo</u> (<u>Id</u>. at 7), thus requiring Rittenhouse, LLC
to begin all over again, for the third time, to prove its
entitlement to the granting of the Capital Improvement Petition,
even though the tenants were the appellants before the Commission
and even though they had not shown any error by either Hearing
Examiner.* The Commission cited five other cases in which the
record was either lost or destroyed in whole or in part, resulting
in a <u>de</u> <u>novo</u> remand. Based on undersigned counsel's 25 years of
experience before this agency, Plaintiff Rittenhouse, LLC believes
that discovery will show that there have been substantially more
instances of loss or destruction of the record.

Rittenhouse, LLC moved for reconsideration, demonstrating that
under well-established precedents, the tenants, as appellants, bore
the burden of persuasion to show error on the appeal, and that they
bore the consequences of any part of the record being missing. In
its February 27, 2006 Order on Motion for Reconsideration, the
Commission denied reconsideration and adhered to its remand order
for a hearing <u>de</u> <u>novo</u>, this time cryptically stating that the tapes
were "lost." <u>Id</u>. at 4. The Commission cited four other cases in
which all or part of the record on appeal had been lost or
destroyed, and in which the Commission remanded for a hearing <u>de</u>
<u>novo</u>.

---

* Given the five years that have elapsed, it should not be
blithely assumed that all of the employees who testified at the
hearing in 2001 are still in the employ of Rittenhouse, LLC, or that
the Management Company whose employees testified at the 2001 hearing
is still available.

On March 23, 2006, Petitioner Rittenhouse, LLC filed a Petition for Review with the District of Columbia Court of Appeals. By Order dated April 25, 2006, the Court dismissed the Petition for Review as taken from a non-final order. Also on March 23, 2006, Plaintiff Rittenhouse, LLC filed with this Court the Civil Rights Act claim under 42 U.S.C. § 1983 which is the subject of the Defendants' Motion to Dismiss.

So far as relevant here, the Complaint alleges in part that:

"39.  The claimed loss of a portion of the record on appeal in this case is a part of a prolonged and deliberate scheme and intentional failure by the government Defendants Banks, Young, Long and Anderson to establish procedures to properly preserve records on appeal, as they are required to do under D.C. Code Sections 42-3502.16, 2-504 and 14 DCMR Sections 4006.1, 3804.2 and 3820.1, and this scheme and failure are part of a deliberate scheme and illegal practice by Defendants Banks, Young, Long and Anderson, to deprive Rittenhouse, LLC and other housing providers filing capital improvement petitions of the procedural safeguards to which they are entitled under the Due Process Clause of the Fifth Amendment to the United States Constitution.

40.  The Rent Administrator and the Rental Housing Commission have previously been sued under the Civil Rights Act, 42 U.S.C. §1983, in District Properties Associates v. District of Columbia, 743 F.2d 21 (D.C. Cir. 1984), for the very aforesaid deliberate scheme alleged in this Complaint, but they have failed and refused to cease these Unconstitutional violations of the Due Process Clause.

41.  Further, the scheme and failure of Defendants Banks, Young, Long and Anderson alleged in paragraph 39 further violates the Due Process rights of Rittenhouse, LLC when it

is combined with their action, contrary to
established law, directing that the loss of
the record results in the case being remanded
to the Rent Administrator for Rittenhouse, LLC
to begin presenting its case all over again,
more than five years after the Capital
Improvement Petition was filed and the events
have occurred. ****  The purpose and intent of
the illegal action by Defendants Banks, Young
and Long remanding for a hearing de novo, and
the announced intention of Defendant Anderson
to require Plaintiff Rittenhouse, LLC to
submit to that hearing de novo, is a
deliberate and legally impermissible
deprivation of the substantive and procedural
Due Process rights of Rittenhouse, LLC, which
seeks to deprive Plaintiff Rittenhouse, LLC of
its substantive property right, under D.C.
Code § 42-3502.10 and the Decisions and Orders
of Hearing Examiners Young and Bradford, to
recover from the tenants the costs, interest
and service charges in the amount of
$1,486,834.00 expended by Plaintiff
Rittenhouse, LLC for replacement of the
windows in the Housing Accommodation, as well
as its procedural Due Process right to have
the Defendants adhere to established legal
requirements.

42.  The loss of the portion of the record on
appeal (the hearing tapes) was a deliberate
act or omission on the part of the Defendants
Banks, Young and Long, or Defendant Anderson,
or both, to deprive Plaintiff Rittenhouse, LLC
of its right to procedural and substantive Due
Process under the Fifth Amendment to the
United States Constitution."

There is no question that the Rent Administrator and the

Rental Housing Commission are required to maintain and preserve the

record on appeal, and there is no question that they did not do so,

in this case and numerous other cases.  D.C. Code § 42-3502.16(g)

§ 2-504, § 2-509(c); 14 DCMR § 3804, 3820, 4006, and 4007.  There

is also no question that the failure of the Defendants to follow

these requirements contravenes Due Process.  District Properties
Associates v. District of Columbia, 743 F.2d 21 (D.C. Cir. 1984);
see Columbia Realty Venture v. Housing Rent Commission, 350 A.2d
120, 123-24 (D.C. 1975); Ammerman v. Rental Accommodations
Commission, 375 A.2d 1060, 1062 (D.C. 1977).  Compare Samuels v.
District of Columbia, 669 F.Supp. 1133 (D.D.C. 1987) (failure to
develop and place in operation effective procedures).  Affording a
hearing de novo does not cure a denial of Due Process.  Concrete
Pipe v. Pension Trust, 124 L.Ed 2d 539, 561 (1993).

    2.  ARGUMENT

    Preliminarily, several of the statements in the Defendants'
Memorandum in Support of their Motion to Dismiss require
correction.

    First, the Memorandum says that the Plaintiff's claim is
simply that the Rental Housing Commission "remanded .... so that
the Rent Administrator could recreate the record for review through
a de novo hearing."  Memorandum at 4.  As shown by the allegations
of the Complaint quoted above and as discussed below, the
Plaintiff's claim goes well beyond the remand issue for purposes of
this Civil Rights action; rather, its focus is the failure for more
than a decade of the Rental Housing Commission and the Rent
Administrator to carry out their duties to preserve records on
appeal.  That failure is a violation of Plaintiff's Constitutional
right to Due Process.  The remand is the consequence of the

failure, or more accurately, it exacerbates the Defendants' failure.*

Second, it is erroneous to euphemistically say that the tape recordings of the March 21, 2001 hearing "were not available for review by the Commission." Memorandum at 5. Every Hearing Examiner who considered this case specifically said that he had listened to these tapes and that they were in the record. Complaint, paragraphs 12 and 23. The Commission does not hold oral argument on an appeal, as it did in this case, unless the tapes are in its possession. Complaint, paragraphs 28-29. Drawing the implication most favorably to the Plaintiff in this action, it was the Commission who lost or destroyed these tapes, and that has happened so repeatedly in cases as to require intervention by this Court.

Third, it is incorrect to say, as the Memorandum does, that a "remand" was <u>required</u> by both the District of Columbia Administrative Procedure Act, case law and the rules governing the administration of the rent control Laws. Memorandum at 5. What the Administrative Procedure Act, case law and rules governing the administration of the rent control Law require is that the Commission and the Rent Administrator <u>preserve</u> the record on appeal. Nothing in any of the law requires the Rental Housing

---

* It is also incorrect to say that the Rent Administrator will "recreate the record", because what the Defendants' mean to say is that Rittenhouse, LLC will be forced on remand to again prove its case and to again bear the burden of proof, even though no error was shown on appeal.

Commission to remand a case for a hearing de novo when it itself loses the record. Again, however, this focus exclusively on the "remand" misses the point of the Complaint, and results in the erroneous arguments asserted in the Motion to Dismiss.*

    A.   THE PLAINTIFF HAS STANDING.

The Defendants contend that the Plaintiff is not being harmed by the delay caused by the remand, because the Plaintiff was authorized to begin collecting increased rent as a result of the capital improvement. Memorandum at 7. Thus, the Defendants

---

    * The "remand" issue itself raises a Constitutional claim. As the District of Columbia Court of Appeals has held: "If an agency acts without the authorization of law or in contravention of law, it deprives the party whose conduct is being regulated of his property without due process of law." Columbia Realty Venture v. Housing Rent Commission, 350 A.2d 120, 123 (D.C. 1975). The Defendants try to distinguish Rule 10 of the District of Columbia Court of Appeals from administrative agency appeals. Memorandum at 6. The point that the Defendants miss is that the same allocation of the burden of persuasion on an appeal that applies before the District of Columbia Court of Appeals applies before administrative agencies under the Administrative Procedures Act. Administrative Procedures Act, D.C. Code § 2-509(b) (proponent of rule or order has burden of proof). The point is not, as the Defendants assert, that the agency has the burden of transmitting the record on appeal; rather, the question is what happens when a portion of the record is lost. Shifting the burden of proof to Rittenhouse, LLC, as the Commission did by remanding for a hearing de novo, is directly contrary to the Administrative Procedures Act provision placing the burden of proof on appeal on the tenants, and is therefore beyond the Commission's lawful authority. Columbia Realty Venture v. RHC, 590 A.2d 1043, 1047-48 (D.C. 1991). See Perry v. Department of Human Resources, 326 A.2d 249, 253 (D.C. 1974).

contend that since the Plaintiff is allegedly not suffering any monetary injury, it has no standing at all.*

It is unnecessary in an action under 42 U.S.C. § 1983 for the Plaintiff to show monetary or economic injury. Suarez v. Administrador, 354 F.Supp. 320 (D.P.R. 1972). The Civil Rights Act itself provides for relief in equity by declaratory judgment and injunction, as to which monetary relief is inherently inadequate and unnecessary. Insofar as the "injury" requirement is concerned in this case, the injury has already occurred. As discussed below, and as alleged in the Complaint, the Rental Housing Commission and the Rent Administrator have already repeatedly failed for over a decade in their legal obligation to preserve and protect records on appeal. Plaintiff Rittenhouse, LLC is directly impacted by this failure, and is thus within the zone of injury, because the loss of part of the record in this case has deprived it of fundamental Due Process. As a consequence, according to the Defendants, it is now required to begin its case all over again. We are not looking at any speculative future because the deprivation of rights has already occurred. The Plaintiff therefore has standing.

B.     THE DEFENDANTS' ARGUMENT THAT PLAINTIFF RITTENHOUSE, LLC HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES HAS NO MERIT.

_____

* The Defendants assert, without the least bit of support, that the Court should "assume" that the Plaintiff has been collecting the requested rent increase; however, there is no basis for such an assumption and in fact the contrary assumption must be made on this Motion to Dismiss.

In District Properties Associates v. District of Columbia, 743
F.2d 21 (D.C. Cir. 1984) the plaintiff there alleged, as Plaintiff
Rittenhouse, LLC alleges in this case, in a complaint against the
same administrative agencies as are involved in this case that: "As
a means of frustrating landlords' rights to meaningful judicial
review, [the Rent Administrator] allegedly fails to provide
adequate tape recordings of proceedings; thus, cases in which
appeals are taken must be reheard by a hearing examiner in order to
create an adequate record for the court." 743 F.2d at 23.  The
plaintiff in District Properties alleged that the Rent
Administrator "conducts hearings and reaches decisions in ways that
contravene fundamental principles of due process of law." 743 F.2d
at 23.  Plaintiff Rittenhouse, LLC bases its claim in the present
case on the same Due Process violations, which have remained
unabated since District Properties was issued in 1984.

More to the point, the defendants in District Properties,
likewise argued that the housing provider in that Civil Rights
action under 42 U.S.C. § 1983 had failed to exhaust administrative
remedies, an argument which the Court soundly rejected, holding:

> "But the gravamen of appellants' claim is that
> those entrusted with enforcing the local rent
> control laws intentionally sought – as a
> matter of local policy – to deprive landlords
> of their rights to due process of law . . . .
> If their charges were proven true, judicial
> review of [Rent Administrator] decisions on a
> case by case basis would be inadequate as a
> remedy.***  Therefore, at least insofar as
> appellants seek – and if their claims prove
> true, may be entitled to – these broader

```
            remedies, their claim is not one to which the
            DC [Administrative Procedure Act] applies."
            743 F.2d at 26."
```

The courts have held the exhaustion doctrine wholly inapplicable to actions under 42 U.S.C. § 1983.  <u>Patsy v. Board of Regents</u>, 457 U.S. 496 (1982); <u>Miller v. District of Columbia</u>, 587 A.2d 213 (D.C. 1991).

Again, the Defendants misperceive the Complaint before this Court.  The Motion to Dismiss erroneously asserts that all that is being attacked is the "remand", but the main point of this action is much broader, and instead is that the Defendants, like they did in <u>District Properties</u>, deprive housing providers of their rights to Due Process of law.  That is not a matter for administrative remedies, nor exclusively for the local courts.  We note that the <u>District Properties</u> decision was issued in 1984 and that all of the decisions which the Rental Housing Commission itself cited in its Orders regarding loss or destruction of the record on appeal are <u>post-1984</u>, thus demonstrating the total failure of the Rent Administrator and the Rental Housing Commission to administratively correct the activities which the Court of Appeals in <u>District Properties</u> held stated a claim under the Civil Rights Act, 42 U.S.C § 1983.

     C.   <u>THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED.</u>

Again, the Defendants mischaracterize the Complaint when they state the lynchpin of their argument:  "Plaintiff's primary claim –

the one on which the remainder rests – is that the Rental Housing
Commission erred in interpreting and applying District of Columbia
laws and administrative rules governing rent control."  Memorandum
at 10.  Based on this erroneous assertion, the Defendants conclude
that the Complaint is "merely a local law claim dressed up in
constitutional garb."  Memorandum at 10.

Paragraphs 39 and 40 of the Complaint, quoted above, do not
allege that the Defendants "erred in interpreting and applying"
local law.  They instead allege that the loss of a portion of the
record on appeal on this case "is part of a prolonged and
deliberate scheme and intentional failure by [the Defendants] to
establish procedures to properly preserve records on appeal, as
they are required to do *** and this scheme and failure are part of
a deliberate scheme and illegal practice by [the Defendants] to
deprive Rittenhouse, LLC and other housing providers filing capital
improvement petitions of the procedural safeguards to which they
are entitled under the Due Process clause of the Fifth Amendment of
the United States Constitution."

Thus, the Complaint does not simply allege an error in
interpreting and applying local law or "a local law claim", but
rather asserts a deprivation of Constitutional rights; that is,
deprivation of the rights of Plaintiff Rittenhouse, LLC under the
Due Process clause of the Fifth Amendment of the United States
Constitution.  This is the same claim that was asserted in District
Properties, supra, in which the Court described the complaint as

alleging that the Rent Administrator and Rental Housing Commission
"intentionally deprived landlords of constitutional and statutory
rights and runs its proceedings in such a lawless fashion that
landlords are denied due process of law."  743 F.2d at 22.  In that
case, the Court of Appeals reversed the dismissal of the Complaint.
Other decisions of this Court demonstrate that dismissal would be
improper in the present case.  Dominion Cogen, D.C., Inc. v.
District of Columbia, 878 F.Supp. 258 (D.D.C. 1995); Eastern Trans-
Waste of Maryland, Inc. v. District of Columbia, 2006 U.S. Dist.
Lexis 4700 (D.D.C. 2006); See Roy v. City of Augusta, 712 F.2d 1517
(1st Cir. 1983); Ramos v. Gallo, 596 F.Supp. 833 (D. Mass. 1984);
Lipson v. Philadelphia Magazine, Inc., 701 F.Supp. 541 (E.D. Pa
1988).  The Complaint in this action does not "implicate the
processes by which the District governs itself" (Defendants'
Memorandum at 11), but rather alleges that the Defendants are
engaged in a deprivation of Constitutional rights of Plaintiff
Rittenhouse, LLC, and that is precisely what the Civil Rights Act,
42 U.S.C. § 1983, is designed to remedy.

    D.   THE COURT SHOULD NOT ABSTAIN UNDER THE YOUNGER DOCTRINE.

    The Defendants' argument that principles of comity and the
Younger abstention doctrine require this Court to dismiss this
action is not correct.  This same argument was advanced in District
Properties, supra, 743 F.2d at 27-28 and the Court of Appeals
rejected that assertion.  This Court has followed the rejection of
the abstention doctrine in Civil Rights cases alleging deliberate

and improper conduct by government officials.  <u>Dominion Cogen,</u>
<u>D.C., Inc. v. District of Columbia</u>, 787 F.Supp. 258, 265-267
(D.D.C. 1995).  <u>JJM Corporation v. District of Columbia</u>, 378 F.3d
1117 (D.C. Cir. 2004) is not to the contrary.  The enforcement
proceedings in that case provided a local forum in which the
plaintiff could raise his Constitutional claims in defense.  <u>Id</u>.,
378 F.3d at 1121-22.  In contrast, the remand proceedings in this
case involve a Capital Improvement Petition under D.C. Code § 42-
3502.10 in which the Constitutional issues before this Court are
not even remotely involved nor material to the issues that
Plaintiff Rittenhouse, LLC would have to prove in a hearing <u>de</u>
<u>novo</u>.  In short, there is no ongoing enforcement proceeding in any
local forum in which Plaintiff Rittenhouse, LLC could present the
claims now before this Court.  That is the fundamental distinction
between <u>JJM</u>, <u>supra</u> and <u>District Properties</u>, <u>supra</u>.  The Court in
<u>District Properties</u> itself explained this distinction.   743 F.2d
at 28.

     This Court is not being asked to decide issues of local law.
It is being asked to address a deprivation of Constitutional
rights.  That is the very purpose of vesting jurisdiction in this
Court under the Civil Rights Act.

     E.   <u>THE COURT SHOULD NOT DISMISS AS TO THE FOUR INDIVIDUAL</u>
          <u>NAMED DEFENDANT GOVERNMENT OFFICIALS</u>.

     The chief goal of Plaintiff Rittenhouse, LLC in this action is
not to hold the individual Defendants personally liable for

monetary damages; rather, it is to obtain injunctive and
declaratory relief so that their actions cannot stand.
Nonetheless, given fact that since 1984 (when <u>District Properties</u>
was decided) through the present day the Defendants have repeatedly
lost all or part of records on appeal, thus endlessly continuing
the adversarial proceedings between the parties and requiring
needless duplication of effort, and given the intentional lack of
an explanation by the Commission of the "loss" of the record that
occurred in this case (in contrast to the repeated affirmations by
the Hearing Examiners that the tapes were in the record), Plaintiff
Rittenhouse, LLC would be remiss if it did not allege in the
Complaint and explore in discovery whether individual liability is
appropriate in this case.  We hope that it is not, and that
injunctive and declaratory relief will suffice.

    With respect to dismissing these claims at the present time,
however, the Motion to Dismiss should be denied.  The test of
qualified immunity is whether the conduct in question clearly
violates established statutory or Constitutional rights which a
reasonable person should have known or whether the action was taken
with malicious intent to cause a deprivation of the plaintiff's
Constitutional Rights.  <u>Eastern Trans-Waste of Maryland, Inc. v.</u>
<u>District of Columbia</u>, 2006 U.S. Dist. Lexis 4700 (D.D.C. 2006);
<u>Barham v. Ramsey</u>, 434 F.3d 565 (D.C. Cir. 2006).  The Complaint
specifically alleges that the Defendants had the obligation to
transmit and preserve the record on appeal and that their failure

to do so is a part of the prolonged and deliberate scheme to deprive the Plaintiff of Constitutional rights (Complaint, paragraphs 39-41), and that these actions were willful and intentional (Complaint, paragraph 51).  Given these allegations, and the fundamental necessity made apparent long ago by <u>District Properties</u>, <u>supra</u>, and by the statutes and regulations which the Commission itself cited in its decision in this case, to preserve the record on appeal in order to afford the parties Due Process, the claims against the individual Defendants should not be dismissed.  <u>Eastern Trans-Waste</u>, <u>supra</u>, 2006 U.S. Dist. Lexis at 4700.

    This is not a case in which officials such as the Defendants need to fear that lawsuits would flow "from each action, decision or recommendation made in administering the District's rent control laws."  Memorandum at 15.  Rather, this is a lawsuit to require the Defendants to carry out a fundamental mandate to preserve and protect the administrative record, so that Due Process may be achieved.

    3.  <u>CONCLUSION</u>.

    For the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: May 5, 2006

/s/ Vincent Mark J. Policy

Vincent Mark J. Policy, #204701
Richard W. Luchs #243931
M. Ryan Jenness #479076
1620 L Street, N.W.
Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Plaintiff Rittenhouse,
LLC

17

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a copy of the foregoing Opposition was served by first class mail, postage prepaid on this 5th day of May, 2006 to:

Bernard A. Gray, Sr., Esq.
2009 18th Street, S.E.
Washington, D.C.  20020-4201


<u>/s/Vincent Mark J. Policy</u>
Vincent Mark J. Policy

288344v1