UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
RITTENHOUSE, LLC,                         )
                                          )
              Plaintiff,                   )
                                          )
                                          )    Civil Action No. 1:06CV00545
                                          )    (JR)
DISTRICT OF COLUMBIA, *et al.*,            )
                                          )
              Defendants.                  )
_____)

**DEFENDANTS' REPLY MEMORANDUM
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Pursuant to LCvR 7(d) and Fed. R. Civ. P. 6(a), defendants (collectively, "the District")

hereby briefly replies to plaintiff's Memorandum in Opposition to Defendants' Motion to

Dismiss ("P.Mem.").

Plaintiff has essentially conceded the District's motion, not citing a single controlling

case in support of its arguments that it has either a constitutionally protected property right to a

rent increase, or that a remand of its approved rent increase to the Rent Administrator to re-create

the record constitutes a violation of its procedural or substantive due process rights.

<u>**Brief Argument**</u>

Defendants will spare the Court any argument that was already stated in the Motion to

Dismiss, as the plaintiff has not effectively rebutted any of defendants' stated grounds for

dismissal.  However, plaintiff more clearly alleges in its opposition that the District violated its

civil rights under 42 U.S.C. § 1983 because:

> There is no question that the Rent Administrator and the
> Rental Housing Commission are required to maintain and
> preserve the record on appeal, and there is no question that

> they did not do so, in this case and numerous other cases.
> D.C. Code § 42-3502.16(g) § 2-504, § 2-509(c); 14 DCMR
> § 3804, 3820, 4006, and 4007.  There is also no question
> that the failure of the Defendants to follow these
> requirements contravenes Due Process.

P.Mem. at 5-6 (citation omitted).  From this allegation, it appears plaintiff is alleging that

defendants somehow violated both its substantive and procedural due process rights under the

Constitution.  However, it is still unclear what protected property right the plaintiff claims it is

not receiving due process for.  Is it a property right in a rent increase, or is it a property right in

the lost record itself, or that plaintiff has a right not to have the case remanded?  Whatever the

plaintiff is claiming, it clearly has not stated a claim upon which this Court should grant relief.

## A.    Plaintiff Erroneously Claims *Younger* and *JMM* Do Not Apply to This Case.

While plaintiff, in its opposition, claims that *District Properties Associates v. District of*

*Columbia,* 743 F.2d 21 (D.C. Cir. 1984) controls most of the points in its case, the plaintiff fails

to inform the Court that:  (1) *District Properties* was decided over 20 years ago, well before

*JMM Corporation v. District of Columbia*, 378 F.3d 1117 (D.C. Cir. 2004), which in essence

overruled *District Properties* in relevant part; and (2) when *District Properties* was decided

"there [were] no ongoing proceeding[s] in the local courts in which appellants could raise their

federal constitutional claims."\[1]

*Younger* abstention now applies in the District of Columbia and plaintiff is involved in an

ongoing local proceeding where it may raise its federal claims and have them resolved.  *See*

*JMM,* 378 F.3d at 1121.  For these reasons alone, *District Properties* is distinguishable.

Notwithstanding this, the Court in *District Properties* stated:

> The core idea is that the federal plaintiff should not be
> permitted to split an ongoing case by bringing what are in

---

[1]/ *District Properties,* 743 F.2d at 22.

> effect federal defenses to the state proceeding in federal
> court. Instead, given the obligation of state and local courts
> (no less than federal courts) to enforce the Constitution and
> federal laws, the federal plaintiff should be forced to raise
> his constitutional or other federal defenses to the state's
> action before the state or local court in which he is already
> a party.

*Id*. at 22.

Here, plaintiff is trying to do exactly what the *Younger* doctrine was adopted to prevent -- "Split[ting] an ongoing case by bring what are in effect federal defenses to the state proceedings in federal court." *Id.* As stated in defendants' Motion to Dismiss, plaintiff has already raised its constitutional due process claims to the Rental Housing Commission ("Commission"). The plaintiff also raised the identical constitutional due process claims to the District of Columbia Court of Appeals ("DCCA") when the plaintiff filed its appeal of the Commission's Decision and Order denying plaintiff's Motion for Reconsideration.

Although the DCCA dismissed plaintiff's appeal for lack of a final administrative order, plaintiff may still, under the D.C. Administrative Procedure Act, have the DCCA hear its constitutional claims in the future. As the Court clearly stated in *JMM*:

> Where the proceedings begin at the administrative level,
> the defendant can appeal to and make its constitutional
> challenges in the D.C. Court of Appeals, and again seek
> further review in the Supreme Court. Whether or not the
> defendant can also raise its constitutional defenses at the
> administrative level, "it is sufficient under [*Younger*] that
> constitutional claims may be raised in state-court judicial
> review of the administrative proceeding."

*Id.* at 1121 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 629 (1986))(internal quotes omitted); *see also* D.C. Official Code § 2-510(a) (providing that any

person adversely affected or aggrieved by an agency decision "is entitled to a judicial review thereof" in the D.C. Court of Appeals); *id*. § 2-510(a)(1) (providing that the D.C. Court of Appeals' authority to review administrative agency proceedings includes the power "to decide all relevant questions of law, to interpret constitutional and statutory provisions, and to determine the meaning or applicability of the terms of any action"); *see also id*. § 11-722.

Based on the above, plaintiff is in denial when it stated in its opposition that ". . . there is no ongoing enforcement proceeding in any local forum in which plaintiff Rittenhouse, LLC could present the claims now before this court."  P.Mem. at 14.  But plaintiff admitted, in its Complaint, what it now attempts to deny.  Compl. ¶¶ 7-38.

What plaintiff is really attempting to do with this lawsuit is force a final decision in its favor before the appeals process has run its course.  As stated in the Motion to Dismiss, the District so far has ruled in plaintiff's favor and has approved its Petition for a rent increase  -- and according to local law, plaintiff has been allowed for some years now to collect that rent increase from its tenants.\[2]  Despite these facts, the plaintiff is claiming it is being deprived of its procedural and substantive due process rights when the District has taken nothing from the plaintiff and is merely asking the plaintiff to produce the same evidence it produced in the past that supported the Rent Administrator's decision to grant the rent increase.

Although requiring a *de novo* hearing to re-create the record due to the loss of tapes is burdensome on the parties as well as the administrative agency, in no way does such a remand even implicitly demonstrate a deprivation of plaintiff's due process rights. If anything, what the remand will do is give the plaintiff <u>more</u> process.  It is

---

[2]/ *See Cafritz Co. v. District of Columbia Rental Housing Com.*, 615 A.2d 222, 226 (D.C. 1992)(finding rent increase can be implemented pursuant to a final order of the Rent Administrator).

understandable that the plaintiff would like the Rent Administrator's Order and Decision approving its Petition for a rent increase to already be sustained at all levels. However, the fact is that the full appeal process has yet to run its course -- once the Commission has made a final decision, that decision may still be appealed to the D.C. Court of Appeals, and then to the U.S. Supreme Court. As the Court is well aware, at each stage of possible appellate review, the reviewing court will require a fully developed record of the lower court. And that is all that the Commission is attempting to do -- have the Rent Administrator re-create the critical record needed for review that has been lost. *See, e.g., Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519 (1978) (Absent constitutional constraints or extremely compelling circumstances the "administrative agencies 'should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.'" (quoting *FCC v. Schreiber,* 381 U.S. 279, 281 (1965)).

Accordingly, since the plaintiff has the benefit of having its constitutional claims heard by the local courts, the *Younger* doctrine applies. As such, the Court should dismiss this case so that the Rent Administrator may re-create the record. To do otherwise, and rule in plaintiff's favor, could deprive the Rittenhouse tenants of <u>their</u> due process rights – as they are the ones who are appealing the rent increase, which may or may not withstand the scrutiny of a reviewing court.

**B.     *The District's Actions Here Do Not Violate Substantive Due Process.***

Even if *Younger* and *JMM* somehow do not apply, the case should still be dismissed against the defendants as this Circuit has made it clear that substantive due process "normally imposes only very slight burdens on the government to justify its actions . . . ." *George*

*Washington Univ. v. District of Columbia*, 318 F.3d 203, 206 (D.C. Cir. 2003). In fact, in the absence of a protected liberty or property interest, there can be no substantive due process violation. *Id*. (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)).

"[T]he doctrine of substantive due process constrains only egregious government misconduct." *GWU*, 318 F.3d at 209 (citing *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (doctrine prevents only "grave unfairness"), *cert. denied*, 488 U.S. 956 (1988)); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) (*per curiam*); s*ee also Macone v. Town of Wakefield*, 277 F.3d 1, 9 (1st Cir. 2002) ("We have consistently rejected substantive due process claims arising out of [land use disputes] while leaving the door 'slightly ajar' for 'truly horrendous situations.'") (quoting *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir. 1992)).

In assessing the conduct of the District in this case against the substantive component of due process, "the threshold question is whether the behavior . . . [was] so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Plaintiff cannot make such a dramatic showing.

In this Circuit, a substantive due process claim is limited "to actions that in their totality are genuinely drastic." *Tri County Industries, Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997). The District's action here falls far short of this standard, which was recently reaffirmed by the Supreme Court. *See City of Cuyahoga Falls v. Buckeye Community Hope Found.*, 538 U.S. 188 (2003) (unanimous decision) ("[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" (quoting *County of Sacramento,* 523 U.S. at 846). Plaintiff has not shown and cannot show such misconduct here. It does not "shock the conscience" that the District would require the governmental official responsible for fully

developing a record for review to re-create such a record when it was lost.  As fully discussed in

the Motion to Dismiss, the Commissioners provided legally sound and principled reasons for

remanding the Rent Administrator's Decision and Order for a *de novo* hearing.  *See* Exhibit 1 to

Defendants' Motion to Dismiss.

When reviewing administrative actions, federal courts as well as courts of the District of

Columbia ordinarily defer to an agency's interpretation of the statutes governing its operations

and the regulations promulgated by it.  *See, e.g., Sec'y of Labor v. Twentymile Coal Co.,* 411

F.3d 256 (D.C. Cir. 2005); *Cafritz Co. v. District of Columbia Rental Housing Com.*, 615 A.2d

222, 228 (D.C. 1992); *Columbia Realty Venture*, 590 A.2d at 1046; *McCulloch*, 584 A.2d at

1248; *Boer v. District of Columbia Rental Housing Commission,* 564 A.2d 54, 57-58 (D.C.

1989).

Moreover, even if plaintiff demonstrates that the District violated local law in its alleged

improper actions -- such as the District's Administrative Procedure Act -- that fact alone would

not violate substantive due process.  *George Washington Univ.*, 318 F.3d at 210 (citing *Tri*

*County Indus. v. District of Columbia,* 104 F.3d 455, 459 (D.C. Cir.1997)).

Additionally, although "one pursuing a procedural due process claim need not exhaust his

local remedies," *Tri County*, 104 F.3d at 462, a plaintiff pressing a *substantive* due process claim

is held to a higher burden.  "[U]nless the victim of government imposition has pushed its local

remedies to the hilt, it ordinarily will not be able to show the necessary substantiality."  *Id*. at

459; *3883 Connecticut LLP v. District of Columbia*, 191 F. Supp. 2d 90, 95 (D.D.C. 2002), *aff'd*,

336 F.3d 1068 (D.C. Cir. 2003); *see also Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d

177, 179 (7th Cir. 1996) ("A person contending that state or local regulation of the use of land

has gone overboard must repair to state court.") (quoting *River Park, Inc. v. City of Highland*

*Park*, 23 F.3d 164, 167 (7th Cir. 1994) and citing *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 188–89 (1985)).

Here, plaintiff is in the middle of the administrative process, which has not yet run its course.    In order to have a substantive due process claim one must have a protected property right, and plaintiff has no such right here.    *3883 Conn. LLC*, 191 F. Supp. 2d at 93-94 (Individuals are entitled to due process . . . only if they have a constitutionally protected property interest) (citations omitted); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)).

To have a property interest in a government benefit, "a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.  An entitlement is derived from "'an independent source such as state law,' i.e., statutes or regulations 'that secure certain benefits and that support claims of entitlement to those benefits.'" *Washington Legal Clinic for the Homeless*, 107 F.3d at 36 (quoting *Roth*, 408 U.S. at 577).

A statute may create a constitutionally protected property interest if the statute or its implementing regulations "place substantive limitations on official discretion." *Id.* (internal citations omitted).  "Statutes or regulations limit official discretion if they contain" "explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.*. (internal citations omitted).

In the land-use context, "whether a property-holder possesses a legitimate claim of entitlement to a permit or approval turns on whether, under state and municipal law, the local agency lacks all discretion to deny issuance of the permit or to withhold its approval.  Any significant discretion conferred upon the local agency defeats the claim of a property interest."

*3883 Conn. LLC*, 191 F. Supp. 2d at 94 (quoting *Gardner v. City of Baltimore*, 969 F.2d 63, 68 (4th Cir. 1992) (emphasis in original) (applying to substantive due process challenge).

Although plaintiff has never clearly identified it, to the extent plaintiff claims a protected property interest in a rent increase, it is clear that there is no protected property interest, as the District's rent control law provides the Rent Administrator with "significant discretion" to deny or withhold approval of a landlord's petition for a rent increase due to capital improvement. Specifically, as stated by D.C. Official Code § 42-3502.10:

> (a) On petition by the housing provider, the Rent Administrator *may* approve a rent adjustment to cover the cost of capital improvements to a rental unit or housing accommodation ….
>      . . . .
> (b) The housing provider shall establish *to the satisfaction* of the Rent Administrator:
>      (1) That the improvement would be considered depreciable under the Internal Revenue Code (26 U.S.C.S.);
>      (2) The amount and cost of the improvement including interest and service charges; and
>      (3) That required governmental permits and approvals have been secured.

*Id. (emphasis added).*

First, the words in the statute: *"to the satisfaction of the Rent Administrator"* can reasonably be read to mean that the Rent Administrator has significant discretion to approve or disapprove a landlords Petition for a rent increase due to a capital improvement. Additionally, under the principles of legislative construction and interpretation, the use of the word *"may"* is generally held be to "discretionary" on government officials. *See, e.g., Thompson v. Clifford, 408 F.2d 154 (D.C. Cir. 1968), In re Phillips,* 2003 D.C. Super. LEXIS 37 (D.C. Super. Ct. 2003); *In re Ti.B.,* 762 A.2d 20; 32 (D.C. 2000) (holding that "The use of the word "may" in § 16-2316(e) means that the trial court does retain discretion to exclude persons even if they have a proper interest.  But that judicial discretion is not to be exercised arbitrarily").

Therefore, pursuant to the District rent control laws, plaintiff has no protected property interest in a rent increase and, as such, its substantive due process claims against the District must be dismissed.  In addition, the District has yet to deprive plaintiff of anything, as the District granted its rent increase and, presumably, plaintiff has been collecting the additional rent from its tenants since at least March 25, 2002 when Rent Administrator issued his final Decision and Order approving the rent increase.

**C.      *Plaintiff Has Not Exhausted the Administrative Process and Hence Has Not Been Denied Procedural Due Process.***

Plaintiff has not been deprived of *any* constitutionally protected rights.  Plaintiff can point to no "entitlement" of which they have been denied without due process.  *See Tri County*, 104 F.3d at 460 (in procedural due process analysis, "the central issue is the adequacy not of facts but of the *process* that he purported to follow").

> It is clear that state law which generates a legitimate claim of entitlement can create an interest the deprivation of which triggers application of the Due Process Clause. It is equally clear, however, that *state-created procedures do not create such an entitlement where none would otherwise exist*. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."

*Doe by Fein v. District of Columbia*, 93 F.3d 861, 868 (D.C. Cir. 1996) (*per curiam*) (emphasis added) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) (further citations omitted)).

Thus, to the extent that plaintiff claims a right to a District of Columbia created procedure, the deprivation of that "right" is not of constitutional dimension, if (as the District asserts above), plaintiff has no property at stake independent of that claimed procedure.  The District is merely asking plaintiff to provide the evidence it previously provided that supported the rent increase so the record may be recreated.

Assertion of a procedural due process claim requires a plaintiff to identify the process which it claims is due. *Doe by Fein*, 93 F.3d at 869-70. Plaintiff has failed to do this and erroneously claims that the Commission must follow Rule 10 of the D.C. Court of Appeals, which places the burden on an appellant to produce a transcript on appeal. As fully explained in the Motion to Dismiss, the Commission was merely following its own administrative rules of procedure and under those rules has the authority to remand a Rent Administrator's Decision and Order to fully develop the record for review. The DCCA, as does this Court, has its own procedures for recreating records, and so does the Commission, they just happen to be different. In any event, plaintiff has failed to exhaust its administrative remedies. Even if plaintiff shows that the District did not comply with its own procedures, such a "violation" is not constitutionally cognizable. *See Brandon v. District of Columbia*, 823 F.2d 644, 649 (D.C. Cir. 1987) (finding state does not violate individual's due process rights by deviating from its own procedures).

If local government "makes ordinary judicial process available to respondent for resolving its . . . dispute, that process is due process." *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 197 (2001) (unanimous decision). Any procedural violation here does not in itself violate the Constitution or create any interest for plaintiff under the Due Process Clause.

The District has given, and continues to give, plaintiff all the process it is due. The plaintiff is getting its rent increase, and the Court should dismiss its due process claims.

**D.    *The Individually Named Government Officials Are Entitled To Qualified Immunity.***

Plaintiff claims that, "The chief goal of . . . the action is not to hold the individual defendants personally liable for monetary damages; rather, it is to obtain injunctive and declaratory relief so that their action cannot stand." P.Mem. at 14-15. Then it goes on to state, "Plaintiff . . . would be remiss if it did not allege in the Complaint and explore in discovery

whether individual liability is appropriate in this case." P.Mem. at 15. Then plaintiff goes on to state, "This is not a case in which officials such as the Defendants need to fear that lawsuits would flow 'from each action, decision or recommendation made in administering the District's rent control laws'" P.Mem. at 16.

However, while plaintiff is saying all this, plaintiff alleges that defendants "since 1984 . . . through the present day . . . have repeatedly lost all or part of records on appeal, thus endlessly continuing the adversarial proceeding . . . " P.Mem. at 15.

Notwithstanding these allegations, this case involves tapes from one case that were unfortunately lost. Because of that, the plaintiff wants to "explore in discovery when individual liability is appropriate in this case" and, presumably, in every case going back to 1984. As stated above, the plaintiff does not state a cognizable constitutional claim of due process violations for loss of plaintiff's tapes in this one case. In the context of constitutional tort actions against government officials, the Supreme Court has routinely admonished district courts not to perpetuate lawsuits otherwise crying out for dismissal:

> Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading. Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss.

*Butz v. Economou,* 438 U.S. 478, 507-508 (1978); *accord Harlow v. Fitzgerald,* 457 U.S. 800, 808, 877-818 (1982). This is exactly the type of behavior the qualified immunity doctrine protects against:

> It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties -- suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government.

*Barr v. Mateo*, 360 U.S. 564, 571 (1959).

In any event, plaintiff attempts to put the cart before the horse, asserting that because one set of its tapes was lost, and maybe some others over the last 22 years, that <u>all</u> the individually named defendants have violated its constitutional rights and plaintiff is entitled to "explore in discovery whether individual liability is appropriate," notwithstanding the individual defendants' qualified immunity defense.

Plaintiff is incorrect as a matter of law. "Unless the plaintiff's allegations *state a claim* of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before* the commencement of discovery."  *Mitchell v. Forsyth*, 472 U.S. 511, 536 (1985) (emphasis added).  It is not enough merely to allege constitutional violations to entitle a plaintiff to discovery.

The District's dispositive motion argued that plaintiff's allegations -- even if assumed true -- do not rise to the level of constitutional harm, *i.e.*, do not violate clearly established law. The Court therefore is required to engage solely in a *legal* analysis, for which discovery is unnecessary.

For the above-stated reasons and those advanced in defendants Motion to Dismiss, the District again respectfully requests that this Honorable Court enter an order dismissing plaintiff's claims and the individually named defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section


_____/s/ John D. Dodge_____
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Office of the Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431