UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
RITTENHOUSE, LLC                 )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil Action No. 1:06CV00545
                                 )   (JR)
DISTRICT OF COLUMBIA, et al.,    )
                                 )
                                 )
          Defendants.            )
_____  )
```

## THE PARTIES' STATEMENT REGARDING SCHEDULING ORDER PURSUANT TO LOCAL RULE 16.3

Plaintiff Rittenhouse, LLC and Defendants District of Columbia and, for purposes of injunctive relief, Ruth R. Banks in her capacity as Chairperson of the District of Columbia Rental Housing Commission, Ronald A. Young in his capacity as Commissioner of the District of Columbia Rental Housing Commission, Jennifer M. Long in her capacity as Commissioner of the District of Columbia Rental Housing Commission, and Keith Anderson in his capacity as Acting Rent Administrator of the District of Columbia (collectively, the "District of Columbia") (Rittenhouse, LLC and the District of Columbia are referred to collectively as the "Parties"), by their respective counsel and pursuant to LCvR 16.3, hereby submit their Statement Regarding Scheduling Order.[1]

1.   **BACKGROUND AND PROPOSED CASE TRACK:**

---

[1] It is the District of Columbia's position that Defendants Banks, Young, Long and Anderson should not be continued as parties as they were dismissed in their individual and official capacities at the June 1, 2006 hearing. It is Plaintiff Rittenhouse, LLC's position that they should remain parties for purposes of injunctive relief. Fox v. District of Columbia, 1992 U.S. Dist. Lexis 8517 (D.D.C. 1992). This issue need not be resolved by this Statement.

A.  Plaintiff's Statement of the Case.

Plaintiff Rittenhouse, LLC is the owner of The Rittenhouse Apartments at 6101 16th Street, N.W.  On January 3, 2001, it filed a Capital Improvement Petition under D.C. Code § 42-3502.10, seeking approval of a rent surcharge for the $1.4 million it spent replacing the windows in the housing accommodation.  A group of tenants opposed the Capital Improvement Petition, and a full day hearing was held on March 26, 2001 at which all parties provided testimony of witnesses and documentary exhibits.  The Hearing Examiner granted the Capital Improvement Petition.  The tenants appealed to the Rental Housing Commission and the Commission sua sponte noted a procedural problem (the Hearing Examiner's Final Decision and Order incorporated findings from a Proposed Decision and Order and did not specify all tenants' names), but which the Commission held required a remand.  On remand, a different Hearing Examiner again granted the Capital Improvement Petition.

The tenants again appealed on May 6, 2004.

On November 14, 2005 (approximately 19 months after the appeal was filed), the Commission announced in its Decision and Order that the tapes of the March 26, 2001 hearing  were "not [included as] a part of the certified record on appeal," Id. at 5.  As to the disposition of the appeal, the Commission remanded the case to the Rent Administrator for a hearing de novo (Id. at 7).  The Commission cited five other cases in which it held that it could not decide cases without the testimony on the hearing tapes from the Rent Administrator hearings, which resulted  in a remand.

2

On November 23, 2005 Rittenhouse, LLC moved for reconsideration, arguing that under well-established precedents, the tenants, as appellants, bore the burden of persuasion to show error on the appeal, and that they bore the consequences of any part of the record being missing.  In its February 27, 2006 Order on Motion for Reconsideration, the Commission denied reconsideration and adhered to its remand order for a hearing de novo, this time stating that the tapes were "lost."  Id. at 4.  The Commission cited four other of its cases and one of the District of Columbia Court of Appeals as precedent that "where issues on appeal depend for their resolution on the record of the hearing . . . we cannot proceed to decision. Instead, it is necessary for us to remand to the Rent Administrator for a new hearing."  Id. at 4-5.  On March 23, 2006, Petitioner Rittenhouse, LLC filed a Petition for Review with the District of Columbia Court of Appeals.  By Order dated April 25, 2006, the Court dismissed the Petition for Review as taken from a non-final order. Also on March 23, 2006, Plaintiff Rittenhouse, LLC filed with this Court the Civil Rights Act claim under 42 U.S.C. § 1983 which is the subject of the Defendants' Motion to Dismiss.

Plaintiff Rittenhouse, LLC seeks declaratory and injunctive relief, as well as damages.

B.  Defendants' Statement of the Case.

The District of Columbia's statement and contentions regarding this case are set fourth in their motion to dismiss the Complaint. The Court denied that Motion on June 1, 2006, except that the claims against Defendants Banks, Young, Long and Anderson were dismissed

3

without prejudice.  Defendant Rittenhouse Tenants Association, Inc. has failed to appear or respond to the Complaint, and a Default was entered against it on June 9, 2006.  Defendants' Answer to the Complaint will be filed on or before June 15, 2006.

**2.** **SCHEDULE:**

Counsel for the Parties have conferred regarding a schedule for discovery, and they propose the following deadlines and guidelines:

| | | |
|---|---|---|
| 1. | Deadline for Answer by District of Columbia | 6/15/06 |
| 2. | Deadline for Initial Disclosures under Rule 26(a)(1) | 7/2/06 |
| 3. | Deadline for Service of Written Discovery Requests | 8/31/06 |
| 4. | Deadline for Completion of Fact Depositions | 11/1/06 |
| 5. | Plaintiff's Rule 26(b)(4) Expert Report | 8/31/06 |
| 6. | Defendants' Rule 26(b)(4) Expert Report | 9/29/06 |
| 7. | Deadline for Completion of All Discovery, including Expert Depositions | 12/29/06 |
| 8. | Deadline For Filing Dispositive Motions | 2/28/07 |
| 9. | Pretrial Conference to be Scheduled | During week of 5/1/07 |
| 10. | Trial | To be scheduled at the Pretrial Conference |

Plaintiff Rittenhouse, LLC seeks leave to exceed the standard 10 depositions by three (3) additional depositions.  The District of Columbia does not consent to the taking of three (3) additional depositions.

4

**3.     JOINDER OF PARTIES**:

Plaintiff Rittenhouse, LLC reserves the right to move for leave to join additional parties defendant if and when it becomes appropriate in view of discovery.  The Defendants reserve all applicable defenses.

**4.     AMENDMENT OF PLEADINGS**:

Rittenhouse, LLC reserves the right to move for leave to amend its pleadings if and when it becomes appropriate in view of discovery. The Defendants reserve all applicable defenses.

**5.     SETTLEMENT**:

There have been no substantive discussions of settlement among the Parties.

**6.     ADR**:

The Parties are amenable to non-binding mediation after reasonable discovery has been conducted.

**7.     DISPOSITIVE MOTIONS**:

The District of Columbia filed the Motion to Dismiss on April 26, 2006.  The motion was denied on June 1, 2006, except that the claims against Defendants Banks, Young, Long, and Anderson were dismissed without prejudice.[2]  Each party states that it may wish to file a dispositive motion after the completion of reasonable discovery.

**8.     INITIAL DISCLOSURES**:

The parties have agreed to provide initial disclosures as set forth in Section 2 above (Schedule).

---

[2] See FN 1.

5

**9.   DISCOVERY:**

The Parties have proposed a discovery schedule as set forth in Section 2 above.

**10.   EXPERT WITNESS DESIGNATIONS:**

The Parties requests that Expert Disclosures be made as provided in the Schedule in Section 2 of this Statement.

**11.   BIFURCATION**

None of the Parties anticipates that bifurcation is necessary at this time.

**12.   PRETRIAL CONFERENCE:**

The Parties request that a Pretrial Conference be scheduled during the week of May 1, 2007. The Parties also request that the trial date be scheduled at the Pretrial Conference.

WHEREFORE, the Parties respectfully submit their Statement Regarding Scheduling Order Pursuant to Local rule 16.3.

>                    GREENSTEIN DELORME & LUCHS, P.C.
>
>
>                    /s/ Vincent Mark J. Policy
>                    Vincent Mark J. Policy #204701
>                    Richard W. Luchs #243931
>                    M. Ryan Jenness #479076
>                    1620 L Street, N.W. #900
>                    Washington, D.C. 20036
>                    Tel: (202) 452-1400
>                    Facsimile: (202) 452-1410
>                    Email: vmp@gdllaw.com
>
>                    Counsel for Plaintiff Rittenhouse, LLC
>
>                    ROBERT J. SPAGNOLETTI
>                    Attorney General for the District of Columbia
>
>                    GEORGE C. VALENTINE
>                    Deputy Attorney General
>                    Civil Litigation Division

/s/ Richard S. Love
RICHARD S. LOVE   [340455]
Chief, Equity I

/s/ John D. Dodge
JOHN D. DODGE   [451305]
Assistant Attorney General
Office of the Attorney General
for the District of Columbia
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6627

Counsel for Defendants

**FILED:**   June 14, 2006

291370v1