UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITTENHOUSE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06CV00545<br>(JR) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO
THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 7(a), 8(b), 12(a) and (b), defendant ("the District"), by and through undersigned counsel, herein respectfully answers the Complaint in the above-captioned case.[1]

For ease of reference only, the District utilizes the headings appearing in the Complaint in responding below.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

---

[1] Plaintiff named as defendants in its Complaint the District of Columbia, Ruth R. Banks (Chairperson, D.C. Rental Housing Commission), Ronald A. Young (Commissioner, D.C. Rental Housing Commission), Jennifer M. Long (Commissioner, D.C. Rental Housing Commission), Keith Anderson (Acting Rent Administrator of the District of Columbia) (collectively, "the District"). On June 1, 2006, this Court dismissed without prejudice defendants Banks, Young,

## COMPLAINT

The allegations in the unnumbered paragraph appearing immediately below the heading "Complaint" are plaintiff's legal conclusions or characterizations to which no answer is required.

## JURISDICTION

1. The allegations in the first sentence of paragraph 1 of the Complaint are plaintiff's legal conclusions or characterizations to which no answer is required; however, to the extent a response is required, the District admits the existence of the referenced statutory provisions but denies that subject matter jurisdiction is conferred solely thereby. The allegations in the second sentence of paragraph 1 of the Complaint are plaintiff's legal characterizations and conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## PARTIES

2. The allegations in paragraph 2 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

3. The District admits the allegations in paragraph 3.

4. The District admits the allegations in paragraph 4.

5. The District admits the allegations in paragraph 5.

6. The allegations in paragraph 6 of the Complaint are plaintiff's legal and/or factual conclusions to which no answer is required; however, to the extent a response is required, the

Long, and Anderson.

District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

## **FACTS**

7. The District admits the allegations in the first two sentences of paragraph 7 of the Complaint. As to the allegations in the third and fourth sentences of paragraph 7, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

8. The District admits the allegations in the first sentence of paragraph 8 of the Complaint. The second sentence of paragraph 8 of the Complaint are plaintiff's legal conclusions to which no answer is required.

9. The District admits the allegations in paragraph 9, except as to the use of the word "numerous" which is not defined and subject to varying interpretation.

10. The District admits the allegations in paragraph 10, except as to the use of the word "extensive" which is not defined and subject to varying interpretation.

11. The allegations in paragraph 11 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

12. The District admits the allegations in paragraph 12 of the Complaint.

13. The District admits the allegations in paragraph 13 of the Complaint.

14. The District denies the allegations in paragraph 14 of the Complaint.

15. The District admits the allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint are plaintiff's legal or factual

conclusions to which no answer is required; however, to the extent a response is required, the Amended Decision and Order is the best evidence of its contents.

17. The District admits the allegations in the first sentence of paragraph 17 of the Complaint. The second sentence of paragraph 17 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

18. The District admits the allegations in the first sentence of paragraph 18 of the Complaint. The second sentence of paragraph 18 of the Complaint are plaintiff's legal or factual conclusions and characterizations to which no answer is required; however, to the extent a response is required, the Final Decision and Order is the best evidence of its contents. The District admits the allegations in the third and fourth sentence of paragraph 18.

19. The allegations in paragraph 19 of the Complaint are plaintiff's legal or factual conclusions and characterizations to which no answer is required

20. The District admits the allegations in paragraph 20.

21. The District denies the allegations in the first sentence of paragraph 21 of the Complaint, the Decision and Order is the best evidence of its contents. The District admits the allegations in the second sentence of paragraph 21 of the Complaint.

22. The District denies the allegations in paragraph 22 of the Complaint, the Decision and Order is the best evidence of its contents.

23. The allegations is paragraph 23 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent a response is required, the

Proposed Decision and Order is the best evidence of its contents.

24. The District denies the allegations in the first sentence of paragraph 24 of the Complaint. The second and third sentences of paragraph 24 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent a response is required, the Final Decision and Order is the best evidence of its contents.

25. The allegations in paragraph 25 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the Order is the best evidence of its contents.

26. The District admits the allegations in paragraph 26 of the Complaint.

27. The District admits the allegations in paragraph 27 of the Complaint.

28. The District admits the allegations in paragraph 28 of the Complaint.

29. The District denies the allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required.

31. The allegations in paragraph 31 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required

32. The allegations in paragraph 32 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required

33. The District admits the allegations in the first sentence of paragraph 33 of the Complaint. The second and third sentences of paragraph 33 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent a response is required, the same are denied. Further, the Decision and Order is the best evidence of its contents.

34. The allegations in paragraph 34 of the Complaint are plaintiff's legal and/or factual conclusions to which no answer is required. To the extent an answer is required, the same are denied.

35. The allegations in paragraph 35 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the Decision and Order is the best evidence of its contents.

36. The allegations in paragraph 36 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required.

37. The District denies the allegations in paragraph 37 of the Complaint, the Order is the best evidence of its contents.

38. The District denies the allegations in paragraph 38 of the Complaint, the Order is the best evidence of its contents.

39. The District denies the allegations in paragraph 39 of the Complaint.

40. The District denies the allegations in paragraph 40 of the Complaint.

41. The District denies the allegations in paragraph 41 of the Complaint.

42. The District denies the allegations in paragraph 42 of the Complaint.

43. The District denies the allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the District denies the allegations in paragraph 44 of the Complaint.

45. The allegations in paragraph 44 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the

District denies the allegations in paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the District denies the allegations in paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required.

48. The allegations in paragraph 48 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required; however, to the extent an answer is required, the District denies the allegations in paragraph 48 of the Complaint.

49. The District denies the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint are plaintiff's legal or factual conclusions to which no answer is required.

51. The District denies the allegations in paragraph 51 of the Complaint.

The allegations in the unnumbered but lettered paragraphs following the word "WHEREFORE" are plaintiff's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted in this answer are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules,

regulations, constitutional provisions and standards of care.

## FOURTH DEFENSE

Plaintiff does not have standing to bring the instant matter.

## FIFTH DEFENSE

Plaintiff has not exhausted its administrative remedies.

## SIXTH DEFENSE

Plaintiff has failed to state a constitutional claim.

## SEVENTH DEFENSE

The Court should abstain from exercising jurisdiction under the Younger doctrine.

## EIGHTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

DATE: June 14, 2006

                        Respectfully submitted,

                        ROBERT J. SPAGNOLETTI
                        Attorney General for the District of Columbia
                        GEORGE C. VALENTINE
                        Deputy Attorney General
                        Civil Litigation Division

                          /s/ Richard S. Love
                        RICHARD S. LOVE, D.C. Bar No. 340455
                        Chief, Equity I Section

                          /s/ John D. Dodge
                        JOHN D. DODGE, D.C. Bar No. 451305
                        Assistant Attorney General, Equity I
                        Office of the Attorney General
                        441 Fourth Street, N.W., 6th Floor South
                        Washington, D.C. 20001

-9-

Telephone: (202) 724-6627
Facsimile: (202) 727-0431