# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rittenhouse, LLC, | > | |
| Plaintiff, | > | |
| v. | > | CIVIL ACTION NO. 1:06CV00545<br>Judge L. Friedman |
| District of Columbia, et al., | > | Deck Type: Civil Rights (non-employment) |
| | | Date Stamp: |
| Defendants. | > | |

## ANSWER AND COUNTERCLAIM

The Defendant, Rittenhouse Tenants Association, Inc., by and through counsel, states the following in answer to the Complaint:

    1. Admits paragraphs 1 - 28, 30 - 33, 35, 37 & 38, 44, 46 and 49;

    2. Does not have sufficient information to admit or deny Paragraph 29;

    3. Admits part of paragraph 36 that the Plaintiff filed a motion for reconsideration of the Commission's November 14, 2005 Decision and Order, Denies the remained of the paragraph; and

    4. Denies the remaining paragraphs.

## COUNTERCLAIM

    5. The Plaintiff filed CI 20,755 seeking an increase in the rent to cover improvements to the property.

    6. The Rental Housing Administration (hereinafter referred to as "Agency") granted the Plaintiff's request and authorized and increase in the amount of $1,486,834.00, to be collected from the Tenants at a monthly rate of $15,487.85 and a per unit rate of $76.00 per month.

7. Plaintiff has been collecting the $76 per month from the Tenants except for no more than ten (10) Tenants amounting to $760.00 per month.

8. Defendant Rittenhouse appealed the case pursuant to the law to the Rental Housing Commission (hereinafter referred to as "Commission").

9. The case is still in the appeal process but was remanded by the Commission because the tapes were lost.

10. The Tenants suffer just as much as the Plaintiff because of the loss tapes and having to go through a new hearing.

11. The Plaintiff is using this law suit (and the appeal of the Commission's interlocutory remand for a de novo hearing) to "wear out" the Tenants by forcing them to have additional expenses, and thus, drop the appeal.

12. Since the Agency granted the Plaintiff's request, it is highly unlikely that the Plaintiff can prove the Agency conspired with the Tenants to violate the Plaintiff's civil rights.

13. It appears that the Plaintiff must prove the Defendant Rittenhouse conspired with the Commission to violate the Plaintiff's civil rights.

14. The Plaintiff cannot and has not stated when or how this conspiracy could have taken place.

15. The Plaintiff has no "good faith" basis to believe the Defendant Rittenhouse has contacted any member of the Rental Housing Administration or the Rental Housing Commission to delay or otherwise impede the process of the case.

16. As a result of the Plaintiff's actions the Defendant Rittenhouse has been damaged by having to retain counsel to defend this unwarranted law suit.

Wherefore, the Defendant Rittenhouse prays the Court to dismiss the Plaintiff's Complaint, all costs to be paid by the Plaintiff and enter judgment for the Defendant Rittenhouse on its Counterclaim in the amount proved and for any other relief deemed just and proper.

Respectfully submitted,

_____ / S /
Bernard A. Gray, Sr.,   955013
2009 18th Street, S.E.
Anacostia, DC 20020-4201
202 610-5300
Counsel for Defendant Rittenhouse Tenants Association, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed postage-paid June 20, 2006, to the following:

Counsel for Plaintiff, Vincent Mark J. Policy, Esquire, 1620 L Street, Suite 900, Washington, D.C.  20036 and Counsel for Defendants District of Columbia, Banks, Young, Long and Anderson, Robert J. Spagnoletti, Esquire, 441 4th Street, N.W., 6th Floor Washington, D.C. 20001.

_____ / S /
Bernard A. Gray, Sr.

721.07