UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITTENHOUSE, LLC,  )<br>      Plaintiff,  )<br> )<br>v.  )<br> )<br>DISTRICT OF COLUMBIA, et al.,  )<br>      Defendants.  ) | Civil Action No. 1:06CV00545<br>(JR) |

MOTION OF PLAINTIFF RITTENHOUSE, LLC FOR RECONSIDERATION
OF ORDER FILED JUNE 26, 2006

    PLAINTIFF RITTENHOUSE, LLC, by undersigned counsel, hereby moves that this Court reconsider its Order filed June 26, 2006.  In that Order, the Court denied the Motion of Rittenhouse Tenants Association, Inc. to set aside the default entered against it, on the basis that good cause had not been shown.  Plaintiff agrees that no good cause was shown, because to accept the excuses proffered by Defendant Rittenhouse Tenants Association, Inc. as "good cause" for vacating an entry of default "... would 'negate the meaning of the words.'" Restaurant Equipment and Supply Depot, Inc. v. Gutierrez, 852 A.2d 951, 957 (D.C. 2004).

    However, the June 26 Order goes on to state that the Plaintiff's Complaint against Defendant Rittenhouse Tenants Association, Inc. is dismissed "since the underlying Complaint makes no claim of wrongdoing by it and seeks no relief against it."  Plaintiff respectfully directs the Court's attention to Paragraph 43 of the Complaint which states as follows:

  "43.  Defendant Rittenhouse Tenants Association, Inc. and its
  members have acted in concert with Defendant District of Columbia
  and Defendant Anderson and Defendants Banks, Young and Long to

1

deprive Plaintiff Rittenhouse, LLC of its Due Process rights, by <u>ex parte</u> communications with government officials, by wrongfully inducing tenants and others to deprive Plaintiff Rittenhouse, LLC of the capital improvement surcharge due to it, and by causing government officials to harass Plaintiff Rittenhouse, LLC contrary to established law, all in violation of the Fifth Amendment to the United States Constitution."

Specific evidence of these communications is in the possession of Plaintiff's counsel, and this issue will be developed in discovery. The caption of the Complaint names Defendant Rittenhouse Tenants Association, Inc. as a Defendant and the prayer for relief seeks the same relief against all of the Defendants. A private party is subject to liability under 42 U.S.C. § 1983 if it conspires with or is a willful participant in joint activity with State agents. <u>Tower</u> v. <u>Glover</u>, 467 U.S. 914 (1984); <u>Dennis</u> v. <u>Sparks</u>, 449 U.S. 24 (1980).

For these reasons, the Court's June 26, 2006 Order should be modified such that it denies the Motion to Set Aside the default, but does not dismiss the Complaint against Defendant Rittenhouse Tenants Association, Inc.

                                         Respectfully submitted,

                                         GREENSTEIN DELORME & LUCHS, P.C.

                                         <u>/s/ Vincent Mark J. Policy</u>
                                         Vincent Mark J. Policy #204701
                                         Richard W. Luchs #243931
                                         M. Ryan Jenness #479076
                                         1620 L Street, N.W. #900
                                         Washington, D.C. 20036
                                         Tel: (202) 452-1400
                                         Facsimile: (202) 452-1410
                                         Email: vmp@gdllaw.com
                                         Counsel for Plaintiff Rittenhouse, LLC

**FILED:**     June 30, 2006
292193v1